Wadsworth & Wells v. Cheeny & Wilson.

10  257<br>105  671

## WADSWORTH & WELLS v. CHEENY & WILSON.

1. ATTACHMENT: AMENDED PETITION. An allegation in an amended petition, filed during the progress of an attachment suit, that the defendants were then about to dispose of their property with intent &c., was held insufficient to support a writ of attachment which had been issued at the commencement of the action.

*Appeal from Floyd District Court.*

WEDNESDAY, DECEMBER 28.

PLAINTIFFS claim upon an account for goods sold and delivered. An attachment was issued, upon the ground, as stated in the petition, that defendants had disposed of their property and were about to dispose of their property with intent to defraud their creditors. The action was commenced in December, 1857, and is for a debt due. In July, 1859, the defendants' motion to quash the atachment was overruled, and their demurrer to the petition sustained. An amended petition was filed, in all respects like the original, except that a bill of particulars was annexed. This was sworn to, and states that defendants are in some manner about to dispose of, and that they have disposed of, their property, with intent &c. A motion to quash this attachment was overruled. An answer was filed, also a replication and rejoinder. A trial was had, and a verdict found by the jury, to the effect that the demand sued for was *not* due at the time the action was commenced, but was at the time of the trial.

Plaintiffs then moved to amend their petition, so as to have it show that "nothing but time is wanting to fix an absolute indebtedness." Defendants moved for judgment of discontinuance, and objected to the proposed amendment. The amendment was allowed and filed. In this petition, among other things it was alleged that nothing but time *is* wanting to fix an absolute indebtedness, and that defendants *are* about to, and have disposed of their property &c. Defendants again moved to quash—to discharge the property, and set aside the second amended petition. These motions were overruled, as also a demurrer to the petition. Judgment was thereupon entered against defendants for the full amount of the claim and for all costs. They appeal.

*Starr, Poindexter* and *Ainsworth* for the appellants.

*Reiniger, Card & Reiniger* for the appellees.

WRIGHT, C. J.—We shall confine ourselves in the examination of this case to the proceedings subsequent to the rendition of the verdict. And on doing so, we shall not determine whether plaintiffs had a right to file the second amended petition for we are clearly of the opinion, that if there was no irregularity in permitting such amendment, there was at least error, in overruling the motion to quash and the demurrer to the petition.

It will be observed that it was almost two years from the time the action was commenced, before this amendment was made. The averment in either the first or second amended petition, that defendants were *then* about to dispose of their property, or had disposed of it with intent &c., could not have the effect of sustaining the attachment previously issued. The averment should relate back to the time of asking the attachment in the petition originally filed, No second writ was issued. Plaintiffs were not asking an attachment after the commencement of their action, but were seeking to sustain the one originally issued. A purpose, on the part of defendants to then dispose of their property, or the actual disposition of it, with intent &c., could make no difference, so far as the right of the plaintiffs to the attachment already issued was concerned. Not only so, but the amendment is inconsistent with itself. It is averred that the account was made in September 1857, and was due in July, 1858. Then follows the averment that "nothing but time *is* wanting to fix an absolute indebtedness." The amendment containing these inconsistent averments was filed July 8, 1859.

As there was no sufficient petition to sustain the attachment proceedings, the court erred in rendering judgment for plaintiffs for the amount of their claim. The law gives a plaintiff the right to an attachment to secure a debt *not due,* upon his making the required affidavit and executing the proper bond. If he does not ask an attachment, he has no right to his action upon a demand not mature. If his

attachment proceedings are so irregular as to be set aside, the whole action fails.

The judgment is reversed.