## BUNDY v. McKEE.

1. **Attachment**: INSUFFICIENT CAUSE. The statement in the petition for an attachment "that defendant is in some manner about to dispose of his property without leaving sufficient remaining for the payment of his debts" is insufficient, under section 3174 of the Revision, to warrant the issuing of the writ. Following *Mingus* v. *McLeod*, 25 Iowa, 452.

2. ―――― AMENDMENT. Nor will an amendment, filed after the issuing of the writ, stating that defendant is in some manner about to dispose of or remove his property out of the state, sustain the writ already issued. It should have stated that the cause alleged existed at the time the action was commenced or the writ issued.

*Appeal from Warren District Court.*

TUESDAY, JULY 26.

THE petition contains two counts; the first claiming $10,000, for that defendant, did, on, etc., by his flattery, etc., seduce and debauch plaintiff, etc.; the second claiming the same amount, for that defendant, on, etc., did assault plaintiff, etc., and did then and there lay rude and violent hands upon her person, and have sexual intercourse with her, by reason of which, etc. It was also alleged, as cause for attachment, that defendant was in some manner about to dispose of his property, without leaving sufficient remaining for the payment of his debts or the plaintiff's claim.

Defendant moved to "strike out one count of this petition, because each claimed for one and the same cause of action." This was overruled. He also moved to dissolve the attachment, because of failure to state good ground for the writ. Plaintiff thereupon took leave to amend, and did so, by averring that "defendant *is* in some manner about to dispose or remove his property *out of the state*, without leaving," etc. The action was commenced

and attachment prayed for November 1, 1869, and this amendment was made January 1, 1870.

Defendant then moved to strike this amendment (the journal entry so recites, but no such motion is found in the record), and the motion was sustained, as also the motion to dissolve the attachment. Plaintiff excepted to the rulings last mentioned ; defendant, to that overruling his motion to strike out one count of the petition ; and both parties appeal.

*Todhunter & Williamson* for the plaintiff.

*Bryan & Seevers* for the defendant.

WRIGHT, J.—*First*, as to plaintiff's appeal. The attachment was properly dissolved, and this, whether the court

1. ATTACHMENT: insufficient cause.

ruled correctly or not, in striking the amended petition. The ground as originally stated was insufficient. This is scarcely denied. The proposition to amend concedes it. Then, too, it was so held in *Mingus* v. *McLeod*, 25 Iowa, 452.

The defect was not cured by the amendment. For this alleges that defendent was then (January 1, 1870,

2. —— Amendment.

two months after issuing the writ, and after it was originally prayed), about to dispose of or remove his property, etc. Plaintiff was not seeking a new attachment, but to sustain and uphold that already issued. The affidavit should therefore have shown that the cause alleged existed at the time the action was commenced, or the writ issued. This is plain enough in reason and upon principle, and such are the authorities. *Wadsworth & Wells* v. *Cheeny & Wilson*, 10 Iowa, 257 ; *Cronch* v. *Cronch*, 9 id. 269, and *Gourley* v. *Carmody*, 23 id. 212, relied upon by plaintiff, in no manner bear upon the point here ruled.

*Second*, as to defendant's appeal. His motion was to

strike out one count of the petition. Plaintiff could decline to thus strike out either count, and the court could not compel her to elect. She had at least her election to strike out, or go to trial and undertake to prove as many causes of action as there were counts in her petition. Rev. § 2934. The statute protects the opposite party sufficiently, by giving the court power to adjudge costs.

The judgment below is affirmed as to both appeals, each party paying half the costs herein.

Affirmed.