## VORSE v. PHILLIPS.

1. **Attachment:** ACTION FOR WRONGFUL SUING OUT. In an action for damages for the wrongful suing out of an attachment, the defendant may show in defense, either that he had good cause to believe the grounds stated for the writ to be true, or that they were true *in fact*. If true in fact, it would constitute a good defense, though at the time of the suing out of the writ he had not sufficient knowledge to constitute reasonable ground for believing them true.

2. —— ATTORNEY'S FEES. In such action the plaintiff cannot recover, as part of his damages, attorney's fees incurred in prosecuting the same.

3. —— Nor could he recover for attorney fees incurred in defending against the attachment suit, in the absence of an allegation of a general claim for damages, or a special statement of the particular item.

*Appeal from Polk Circuit Court.*

FRIDAY, OCTOBER 24.

THIS suit is brought upon two promissory notes made by the defendant for $448.19, and interest thereon at ten per cent from October 14, 1871. At the commencement of the action plaintiff sued out a writ of attachment against the property of the defendant.

The answer of the defendant admits the making of the notes, and that the amount claimed thereon is due. He pleads by way of counter-claim that he has sustained damages for the wrongful and malicious suing out of the writ of attachment, and also for an alleged malicious prosecution of the defendant in a criminal action before a justice of the peace. On a trial to a jury the defendant recovered a verdict and judgment for $402.32. Plaintiff appeals.

*Louis Rutkay, Phillips & Phillips* for the appellant.

*Brown & Dudley* for the appellee.

MILLER, J.—I. On the trial the plaintiff's counsel offered to introduce in evidence a conversation between plaintiff and defendant which occurred after the writ of attachment had been procured by plaintiff, in which the defendant made certain admissions in regard to some of the property attached, which the court excluded and held that admissions made by the defendant after plaintiff had made his affidavit for the attachment, were not admissible, that the plaintiff " swears upon information he then has, and he must stand or fall by it." This ruling is the first error assigned.

1. ATTACHMENT: action for wrongful suing out.

The theory upon which this evidence was rejected seems to be that notwithstanding the truth of the alleged facts upon which the attachment was sued out, yet unless the party making the affidavit had knowledge or information giving him reasonable cause for believing such alleged facts to be true, the

defendant would be entitled to damages on the bond; or in other words that the plaintiff could not defend against an action on the bond for wrongfully suing out the writ, by showing facts establishing that the writ was rightfully sued out, unless he could also show that he had knowledge or *information* of such facts when he made the affidavit for the writ. We think this is a misapprehension of the law on this subject. It is said by BALDWIN Ch. J. in delivering the opinion of the court in *Burton* v. *Knapp*, 14 Iowa on page 198, that "the question under our statute is not whether the facts were actually true upon which the attaching plaintiff bases his affidavit for the writ, but had he, exercising that degree of caution that a reasonable, prudent man should, good cause to believe that which he had stated as true." This language, although correct when applied to the case then before the court, is capable of being misunderstood. What the court there held, and what was intended by the above language, is, that although the alleged facts upon which an attachment is sued out may not be true in fact, yet if the plaintiff in making the affidavit and exercising that degree of caution that a reasonable, prudent man should, had good cause to believe the facts stated to be true, then the attachment was not wrongfully sued out. But it was not intended to hold, that in an action for wrongfully suing out an attachment, the defendant in such action could not be allowed to prove that the facts upon which he asked the writ were in fact true. If he had reasonable cause for believing the grounds stated for the writ to be true, the attachment was held not to have been wrongfully sued out. It would seem that if he proves the grounds stated to be true in fact, the writ cannot be held to be sued out wrongfully. If he had good cause to believe them to be true, or they be true in fact, the suing out of the attachment is not wrongful.

The evidence rejected tended to show the truth of the alleged grounds of attachment, and should have been received.

II. The court gave certain instructions, at the request of the defendant, charging the jury in substance, that it is no defense to the claim of defendant for wrongfully suing out the attach-

ment, that the plaintiff believed the facts stated as grounds for the attachment to be true, unless they found from the circumstances *known* to plaintiff when he made the affidavit, that he had reasonable ground for believing such facts to be true.

These instructions were erroneous for the reasons above stated. They confine the plaintiff, in his defense to defendant's counter-claim, to *facts known to him* when he sued out the writ, which in the opinion of the jury would constitute reasonable grounds for the suing out of the same. They not only ignore the truth of the facts alleged as ground for the writ, but deny a defense by plaintiff, based upon *information* sufficient to justify the suing out of the writ.

The refusal of the court to give instruction "H" asked by plaintiff was error. It is as follows: "If the jury believe from the evidence that the defendant Phillips, at the time the attachment was sued out in this case, was about to dispose of his property with intent to defraud his creditors, or that he was about to remove permanently out of the State, and refused to pay or secure plaintiff's claim, then the writ was rightfully sued out; whether such facts were actually brought to the knowledge of Vorse or not, at or before he filed his petition for the writ." This instruction embodies the doctrine we have above announced, and should have been given. Its refusal was a perpetuation of the error of the court in excluding the evidence of Vorse as to admissions of defendant.

III. The plaintiff asked the court to give the following instruction, which was refused:

"The jury are further instructed that in no event can the .defendant recover any thing on his cross-action for attor·ney's fees for prosecuting the cross-action on the attachment bond. And you will disregard all evidence offered on the trial, tending to show the value of attorney's fees for that part of defendant's cross-action."

*2. —— attorney's fees.*

In an action on an attachment bond, whether original or by way of counter-claim, the plaintiff, if entitled to recover at all, is entitled to recover as damages all expenses incurred in

making defense to the attachment proceedings. *Campbell* v. *Chamberlain*, 10 Iowa, 337. Such expenses constitute a part of the plaintiff's cause of action on the bond, but the expenses of recovering this cause of action in a suit thereon cannot be added to the cause of action in such case any more than the expenses of an action on a promissory note, or other chose in action, can be added thereto and recovered thereon. This instruction ought therefore to have been given, and its refusal was error.

Other instructions given by the court which allowed the defendant Phillips to recover for attorney's fees we think were erroneous for the reason that there is no general claim for damages made in defendant's pleading, nor any specific claim for attorney's fees or expenses incurred in the defense of the attachment proceedings. The pleading claims damages for specific injuries, resulting from the wrongful suing out of the attachment, such as being prevented from collecting accounts that were garnished, having his business interrupted, etc., but no claim is made for expenses incurred in defending the attachment proceedings. Without expressing an opinion upon the question, whether claims of this character should be specially alleged, we are clear that the party suing cannot recover therefor without alleging either a general claim for damages, or a special statement of the particular item.

For the errors above noticed the judgment of the circuit court will be

Reversed.