## CAREY v. GUNNISON.

1. **Evidence:** OPINION OF WITNESS: INTENT TO DEFRAUD CREDITORS. It is not competent to ask a witness, upon the issue of the wrongful suing out of an attachment, what efforts were being made by the defendant to dispose of his property with intent to defraud his creditors.

2. **Attachment:** REASONABLE GROUNDS OF BELIEF. To justify the suing out of an attachment it is only necessary that the plaintiff should have reasonable grounds of belief for the allegations of his petition. He need not be governed in such case by the prudence which should characterize his conduct in matters of the "highest moment to himself."

*Appeal from Page Circuit Court.*

WEDNESDAY, JUNE 4.

ACTION at law upon a written contract. An attachment was issued upon allegations of the petition that defendant was about to dispose of his property with intent to defraud his creditors, and was about to convert his property into money for the purpose of placing it beyond the reach of his creditors. The defendant, among other defenses, pleaded a counter-claim for damages on account of the wrongful issuing of the attachment.,

There was a verdict and judgment for defendant in the sum of three thousand dollars. Plaintiff appeals.

*James McCabe* and *Hewitt & Richards*, for appellant.

*Hepburn & Thummel* and *W. W. Morseman*, for appellee.

BECK, CH. J.—I. The petition, among other matters, alleges that plaintiff and F. J. Warren were copartners in a mercantile business, and together with the defendant they entered into a written contract, which stipulates in substance as follows: The partnership between plaintiff and Warren was dissolved, and was succeeded by the defendant and Warren, under the firm name of Warren & Gunnison. Plaintiff

became bound to pay ten thousand dollars of the indebtedness of the old firm, and in consideration thereof certain real estate and choses in action held by the firm, to a specified amount, were to be conveyed and transferred to him. Defendant was to execute his promissory note and transfer certain personal property in payment of plaintiff's interest in the property of the old firm. The defendant and Warren agreed to pay and protect plaintiff from all the indebtedness of the old firm exceeding the sum of ten thousand dollars, which, under the contract, was to be paid by plaintiff. Other provisions of the contract need not be noticed, as they are not involved in the issues of the case. The petition alleges that plaintiff has paid ten thousand dollars upon the debts of the firm, according to his agreement, and that defendant has failed to pay other debts of the firm to the amount of four thousand eight hundred and six dollars, as he is bound by the contract, which plaintiff has been compelled to pay. The petition claims to recover upon this breach of the contract.

The answer sets up fraud in that plaintiff represented that the debts of the old firm did not exceed fifteen thousand dollars, and that the contract was executed under a mistaken belief of all the parties that the debts of the firm did not exceed the sum just named, when in truth they reached twenty thousand dollars. The answer also alleges that the grounds averred in the petition for the attachment are false, and that defendant has sustained damage by the issuing and service of the writ, which is set up as a counter-claim.

II. A witness, who was the book-keeper of defendant at the time the attachment was issued, testified to the character and condition of his business at the time and prior to the commencement of the suit, and that the business was destroyed by the attachment. He gave other testimony applicable to the issue upon the counter-claim. Upon the issue involving the wrongful issuing of the writ he was asked this question: "What efforts were made on the part of defendant Gunnison, within your

1. EVIDENCE: opinion of witness: intent to defraud creditors.

knowledge, to sell with intention of defrauding his creditors at that time." He answered: "None, whatever." The evidence was objected to upon the ground that it was an expression of the opinion of the witness as to the fraudulent intention of defendant. We think the objection was well taken. It is very plain that, in replying to the question, the witness determined in his own mind whether the acts of defendant were or were not with the intention to defraud creditors. His answer was an expression of his opinion as to the fraudulent character of the acts and intentions of defendant. He could not have answered the question negatively, as he did, nor affirmatively, without expressing an opinion upon all the acts of defendant upon which he based his reply. The point demands no further discussion.

III. The court in the fifteenth instruction directed the jury that if they found "that the plaintiff, in suing out the attach- 2. ATTACHMENT: reasonable grounds of belief. ment, had no such reasonable grounds for belief that defendant was about to dispose of his property with the intent to defraud his creditors, or that defendant was about to convert his property in whole or in part into money, for the purpose of placing it beyond the reach of his creditors, as to lead a reasonably prudent man to act in matters of highest moment to himself, \* \* \* \* \* then you should find that the attachment was wrongfully sued out." \* \* \* \* The rule of this instruction, stated in other words, is this: The attachment was wrongfully issued if the defendant did not have such reasonable grounds of belief of the truth of the allegations therefor as would lead a reasonably prudent man to act in matters of the highest moment to himself. The rule is clearly erroneous. A reasonably prudent man, in matters of the highest interest to himself, would not act upon a belief if there was a possibility of its being erroneous. He would weigh the evidence cautiously, and would not put at hazard his life or all his fortune if he discovered a doubt of the correctness of his conclusions. No reasonably prudent man would exercise such

Carey v. Gunnison.

caution in forming a belief, nor be so likely to discover doubts, in matters of ordinary importance to himself and others, as in matters of the highest interest. The magnitude of the interest to be affected stimulates the caution of a prudent man; and if the interest affects him personally his caution is increased. In the matters of highest interest to himself he exercises the highest degree of care and caution. The law will not require this degree of prudence to be exercised in the formation of a belief as to the existence of facts which are grounds of the issuing of an attachment. It is sufficient if the plaintiff shows that he had reasonable grounds to believe the allegations of his petition upon which the writ was issued. *Vorse v. Phillips*, 37 Iowa, 428.

Defendant insists that, as there was no evidence introduced tending to support the allegations of the petition setting out the grounds for the attachment, the error could not have wrought prejudice. But the position is not supported by the facts. There was testimony as to a sale and disposition of the goods, and that plaintiff was advised that the transaction was not fair, and other evidence of like character, which the jury were required to consider upon the issues in the case.

Two other instructions were also excepted to in the court below. We think they are correct. The other instructions were not the subject of exceptions. We cannot consider the objections urged against them in plaintiff's argument. Other rulings of the court need not be discussed, as the judgment must be reversed for the errors above noticed.

REVERSED.