PAYNE v. THE HUMESTON & SHENANDOAH R'Y Co.

1. **Railroads:** CHILD ON TRACK: DUTY TO AVERT DANGER. Where the persons in charge of a railway train discover a child on the track, liable to be run over, it is their duty to use all the means in their power to prevent injury to the child, and a failure so to do is negligence for which the company will be liable.

2. ———: ———: NEGLIGENCE OF PARENTS: QUESTION FOR JURY. The question whether a certain line of conduct on the part of parents in permitting their child to go upon a railroad track was negligence, *held* to

be a question of fact to be answered by the jury from a consideration of the circumstances, and not a question of law for the court. (Compare *Whitsett v. Chicago, R. I. & P. R'y Co.*, 67 Iowa, 150.)

## *Appeal from Ringgold Circuit Court.*

### WEDNESDAY, MARCH 2.

THIS is an action for the recovery of damages for a personal injury sustained by plaintiff through the negligence of the defendant, as is charged, in the operation of a locomotive and train of cars on its railway. There was a verdict and judgment for plaintiff. Defendant appeals.

*W. W. Morsman*, for appellant.

*Henry & Spence* and *R. F. Askren*, for appellee.

REED, J.—The injury complained of occurred on the sixteenth of August, 1884. At that time plaintiff was about fifteen months old. The accident occurred at a point where defendant's railway is crossed by a public highway. The general direction of the railway is east and west, and that of the highway is north and south. Plaintiff's parents, at the time, resided in a house which is situated on the north side of defendant's right of way, and in the angle between it and the highway, and about forty-five yards from the track. While the other members of the family were engaged in their ordinary employments, plaintiff wandered away from the house, and entered upon the track near the crossing, and sat down between the rails. A few moments afterwards, and before her absence was noticed, a train approached the crossing from the east. She was first discovered by the fireman, who was at his window in the cab, looking out along the track ahead of the engine. When he first discovered the object on the track, he supposed it to be a sheaf of wheat or oats that had been dropped upon the crossing from some passing wagon. Very soon afterwards, however, he noticed it move, and he then

discerned that it was a child. He at once notified the engineer, who reversed his engine, and sounded the signal for "brakes." But before the train was stopped the pilot struck plaintiff. She was carried a short distance on a step on the bottom of the pilot, but before the engine came to a stop she fell forward between the rails. Some of the wheels of the engine or tender passed over her left foot, crushing it in such a manner that amputation was necessary. When the fireman discovered that the train would not be stopped before it reached her, he went out on the pilot, and attempted to rescue her, but she was struck before he could reach her. The negligence alleged in the petition is (1) that the employes in charge of the train did not exercise reasonable care to discover the presence of plaintiff on the tract; and (2) that, by putting forth a proper and reasonable effort after they discovered her presence there, and knew of her peril, they might have stopped the train before it reached her, and that they neglected to make such effort.

The circuit court instructed the jury that it was the duty of the engineer in charge of the engine to keep a reasonably vigilant lookout to discover any object that might chance to be upon the track in front of the train, and that if he neglected to do so, and by reason of such negligence he failed to discover plaintiff's presence upon the track in time to stop the train before it reached her, defendant was liable for the injury. The objection urged by counsel against the instructions is that it holds defendant liable as for negligence in a matter which involves no breach of duty on its part. The argument is that to render an act or omission negligent it must amount to a breach of duty; that the extent of the engineer's duty in the premises was to keep a vigilant lookout upon the track to discover any object the presence of which was reasonably to be apprehended; and, as the presence of a child of that age, unattended, upon the track, was not reasonably to be apprehended, he was under no duty to

exercise any diligence to discover its presence, and consequently was guilty of no negligence in failing to discover it.

We appreciate the importance of the question here presented; but, owing to other matters appearing in the record, it

1. RAILROADS: is not necessary to determine it in this case. The child on track: instruction relates to the first ground of negli-
duty to avert
danger. gence charged in the petition. But the jury found specially that the employes in charge of the train did not use all the means in their power to prevent the injury after they discovered that the object on the track was a child. If this finding was fairly arrived at, it fixes defendant's liability for the injury, and it is immaterial whether the trial court committed errors upon the other branch of the case or not; for, however, erroneous the rulings upon that branch may have been, they cannot affect the final result, and we ought not to undertake the determination of any question, however important it may be in the abstract, which can have no influence in determining the rights of the parties before us. Particularly is this true when, as in the present case, there is a difference of opinion among us upon the question. The circuit court instructed the jury that it was the duty of the employes in charge of the train, after they discovered that the object upon the track was a child, to use every means reasonably within their power to prevent the injury. The correctness of that ruling is conceded. But it is contended that the finding that the employes did not exercise the care and diligence required of them to prevent the injury after they discovered that the object was a child, is not supported by the evidence. The fireman testified that he discovered that the object was a child when the engine was from 300 yards to 400 yards from it. There was a conflict in the testimony as to the distance within which the train could have been stopped. Some of the witnesses testified that it could have been stopped within 100 or 150 yards; while the engineer and other train-men testified that, when the discovery was made, the engine was instantly reversed, and all the means and appliances at hand for

stopping the train were made use of. It cannot be said, under these circumstances, that the finding is without support. The question was one of fact to be determined by the jury from the evidence, and, under the well-settled rule prevailing here, we cannot disturb their finding.

II. Counsel for the defendant asked the court to instruct the jury that if the parents of plaintiff took no precaution to keep her upon their premises, but suffered her to wander away there from, unwatched and unattended, and she went upon the track, and received the injury, and the injury would not have happened but for the want of attention on the part of her parents, she could not recover, unless the employes in charge of the train failed to use all the means in their power, after they discovered her on the track, to prevent the injury. The court refused to give this instruction, but told the jury, in effect, that the plaintiff could not recover if the neglect or want of care on the part of her parents contributed to the injury; and that the question whether the parents were guilty of contributory negligence was to be determined from all the circumstances of the transaction. The instruction asked holds, as a matter of law, that a certain line of conduct on the part of the parents would amount to negligence. Those given hold that the answer to the question whether they were guilty of negligence is in the nature of a deduction or conclusion to be drawn from the circumstances, and that it was the province of the jury to draw that conclusion. The case in this respect is within the rule laid down in *Whitsett v. Chicago, R. I. & P. R'y Co.*, 67 Iowa, 150.

*2. ——: ——: negligence of parents: question for jury.*

We find in the record no ground for disturbing the judgment of the circuit court, and it will be

AFFIRMED.