THE McCORMICK HARVESTING MACHINE COMPANY v. COLLIVER.

**Attachment:** WRONGFUL SUING OUT: PROOF. The wrongful suing out of an attachment is not established by proof that the party who caused it to be issued had no reasonable ground to believe that the allegations upon which it was issued were true. There must be proof, also, that they were not true in fact. (Compare *Vorse v. Phillips*, 37 Iowa, 428).

75  559
120  309
75  559
'144  154

*Appeal from Pottawattamie District Court.*—HON. GEORGE CARSON, Judge.

FILED, OCTOBER 20, 1888.

PLAINTIFF brought suit on two promissory notes, and sued out a writ of attachment. Defendant admitted the execution of the notes, and that the amount claimed was due thereon, and pleaded a counter-claim on the

attachment bond, on which he recovered.    Plaintiff appeals.

*Fremont Benjamin*, for appellant.

*I. L. Statzell* and *E. A. Babcock*, for appellee.

REED, J.—The grounds alleged for the isuance of the attachment were that defendant had disposed of his property with intent to defraud his creditors ; that he was about to dispose of his property with such intent, and that he had property or rights of action which he concealed.   The district court instructed the jury in effect that the allegation that the writ was wrongfully sued out would be established by proof that plaintiff had no reasonable ground to believe that the alleged grounds for attachment were true.   The instructions are erroneous, and may have been prejudicial.   If the alleged ground for attachment is true in fact, the suing out of the writ is not wrongful,  even though the party making the allegation had no knowledge of its truth. *Vorse v. Phillips*, 37 Iowa, 428.   The burden of proof is on the one alleging the wrongfulness of the act of suing out of the writ, and to establish his allegation he must prove not only that the party who caused it to be issued had no reasonable ground for believing that the allegations upon which it was issued were true, but that they were not true in fact.   Under the instructions in question defendant was allowed to recover on proof of but one of these states of fact.

Other rulings on the trial are assigned as error. Some of the questions argued relate merely to the conduct of the trial, and will hardly occur in another trial. As to the other assignments, we deem it sufficient to say that the rulings complained of could not have been prejudicial even if erroneous.   For the error pointed out the judgment will be

REVERSED.