MAYNE, Assignee v. THE COUNCIL BLUFFS SAVINGS BANK.

1. **Attachment:** WRONGFUL SUING OUT: EVIDENCE: SUBSEQUENT CONDUCT. In an action upon an attachment bond for the wrongful suing out of the attachment, which was upon the ground that the attachment defendants were about to dispose of their property with intent to defraud their creditors, it was proper for the jury, in order to determine whether the defendants were guilty of such intent, to consider their conduct in their business after, as well as before, the attachment suit was begun.

2. ———: ———: JUSTIFYING CIRCUMSTANCES: INSTRUCTION. In such action, upon the question whether the attachment plaintiff had reason to believe the alleged ground to be true, the court instructed: "Upon this point you should consider all the matters and things which came to the knowledge of the defendant, its officers and attorneys, and on which it acted in suing out the writ of attachment,—whether they were true or not, having regard to the appearance of truth which they each presented. *Held* not subject to the objection that the jury were thereby told that the matters acted upon had the appearance of truth.

Mayne v. The Council Bluffs Savings Bank.

3. ———— : ———— : APPEAL : QUESTIONS MADE IMMATERIAL BY VERDICT. In such case, where the jury, upon sufficient evidence, found that the attachment was not wrongfully sued out, questions as to rulings in admitting and excluding evidence relating to the amount of damages become immaterial, and will not be considered upon appeal. (See opinion for citations.)

*Appeal from Pottawattamie District Court*—HON. C. F. LOOFBOUROW, Judge.

FILED, JUNE 3, 1890.

PLAINTIFF brings this action upon an attachment bond given by the defendant to procure the issuing of an attachment against plaintiff's assignors, wherein the cause alleged was that they (Cocke & Morgan) were about to dispose of their property with intent to defraud their creditors. Trial to a jury. Verdict for defendant. Plaintiff's motion for new trial overruled, and judgment on the verdict. Plaintiff appeals.

*Stone & Sims*, for appellant.

*Wright, Baldwin & Haldane* and *Sapp & Pusey*, for appellee.

GIVEN, J.—I. The issues are whether the attachment was wrongfully sued out, and, if so, then the amount of damage caused to plaintiff thereby. All other questions are incident to these principal inquiries. We first consider exceptions taken to the rulings of the court, and to the finding of the jury, on the issue as to whether the attachment was wrongfully sued out. The court instructed that, "in determining the question whether or not Cocke & Morgan were about to dispose of their property, or any part of it, with intent to defraud their creditors, you should consider fully all evidence as to the manner in which they had conducted their business, and handled their property, prior to the

1. ATTACH-MENT : wrongful suing out evidence: subsequent conduct.

time when they were sued by the defendant ; the condition of their business and the manner in which they were conducting it, and handling their property, and dealing with their creditors, at the time when that suit was begun, and what they have done since in these respects ; and determine therefrom what the actual intention of said Cocke & Morgan was respecting the handling and disposition of their property, and their dealings with their creditors." Appellant complains of the use of the words, "and what they have done since in these respects," contending that their subsequent acts have no relation to, and do not explain, their previous acts. The inquiry was what Cocke & Morgan intended to do as to their property and creditors at the time the attachment was sued out. It is charged that they were about to dispose of their property with intent to defraud their creditors. A purpose to dispose of their property with such intent could only be shown by inference from their acts. All acts of theirs tending to show such intent were proper to be proven and considered, whether before or after the attachment. Their acts were to be considered in the light of attending circumstances ; and, if the circumstances explain the act upon any other hypothesis than the intent charged, that explanation was to be accepted. It was for the jury to say, in the light of the attending circumstances, whether their subsequent acts tended to show the intent alleged. If they were accounted for by the suing out of the attachment, or other circumstances happening thereafter, then they would not tend to establish the intent charged ; otherwise, they would. There was no error in admitting this testimony, nor in giving this instruction.

In instructing upon the subject of reason to believe the ground for attachment to be true, the court said : 2. ――:―; "Upon this point, you should consider all justifying circumstances: the matters and things which came to the instruction. knowledge of the defendant, its officers and attorneys, and on which it acted in suing out the writ

of attachment,—whether they were true or not, having regard for the appearance of truth which they each presented." Appellant complains that the concluding words are an assurance to the jury that the matters acted upon in suing out the attachment had the appearance of truth. We do not understand the court to have expressed any views as to whether the matters referred to had the appearance of truth or not, but left it to the jury to say how these matters appeared to the party verifying the application for attachment. We see no error in the third paragraph of the court's instruction.

II. The jury were instructed that if the attachment was wrongfully sued out the plaintiff was entitled to recover $36.40 as actual damages. The allowance of this amount was not made to depend upon any other condition or inquiry except that they find that the attachment was wrongfully sued out. It follows from this instruction that the verdict must have been based upon a failure to find that the attachment was wrongfully sued out. It surely was not because no damage was proven. Appellant contends that this finding is not supported by the evidence. A discussion of the testimony on this point is unnecessary. It is sufficient to say that there was evidence tending to support the finding, and as well conflicting and explanatory testimony. That there was a conflict in the testimony on this issue is evidenced by the arguments of counsel. A reading of the record leads us to the conclusion that the verdict of the jury for the defendant was because they failed to find that the attachment was wrongfully sued out, and that said finding has such support in the evidence that the verdict should not be disturbed upon that ground.

III. Appellant complains of several rulings of the court in admitting and rejecting testimony relating to the question of damage, and of the giving of certain instructions with reference to the same issue. If the writ of attachment was not wrongfully sued out, it follows that any

3. —:—: appeal: questions made immaterial by verdict.

questions as to the damages are immaterial, and that rulings with respect thereto must be without prejudice to the plaintiff. "For, however erroneous the rulings upon that branch may have been, they cannot affect the final result." *Payne v. Railway Co.*, 70 Iowa, 587; *Tuck v. Manuf. Co.*, 67 Iowa, 580; *Carruthers v. McMurry*, 75 Iowa, 176. It follows from the foregoing conclusions that the judgment of the district court should be AFFIRMED.