Citizens National Bank of Des Moines, Iowa, v. George E. Converse, Appellant.

**Wrongful Attachment:** evidence. Evidence that the attaching creditor, before the writ was sued out, was shown a telegram addressed to his attorney by another creditor whom the attorney represented stating that the debtor was sure to fail and directing him to attach at once unless the debtor should secure the claim is admissible on the question as to whether or not the attachment was wrongfully sued out raised, by the defendant's counter-claim for damages.

Same. Mortgages executed by an attaching defendant on the same day but after the attachment was levied are admissible in favor of the attaching creditor upon the issue raised by the defendant's counter-claim for damages for wrongfully suing out the attachment.

Same. On an issue as to wrongful attachment, written bids for the property made after advertisement by the receiver appointed therein are admissible in evidence, as tending to show whether the goods sold for a fair price, even if not of themselves sufficient to prove the value.

**Pleading:** amendment: *Attachment.* An attaching creditor may be permitted to amend his petition after the writ is sued out so as to show that legal cause for attachment existed at the time the writ was issued by alleging an additional ground of which he was not informed until after the levy, under Code, section 3021, providing

that no attachment shall be quashed or dismissed, or the property attached released because of a defect in the proceedings if the same has been or can be amended so as to show that a legal cause for attachment existed at the time it was issued.

**Exclusion of Evidence.** It is proper to overrule an objection to evidence, if admissible for any purpose.

**Additional Charge:** CURING ERROR. Possible error in instructions, on account of their being misleading, may be cured by further instructions given to the jury, on their request, after retirement, which correct any wrong impressions to be obtained from the original ones.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

MONDAY, MAY 23, 1898.

ACTION at law upon five promissory notes. A writ of attachment was issued, and levied upon a stock of goods belonging to the defendant. Thereafter, a a receiver was appointed, and the goods were sold by order of court. Defendant admitted the execution of the notes, and pleaded a counterclaim for the wrongful suing out of the attachment. Trial to a jury. Verdict and judgment for plaintiff, and defendant appeals.— *Affirmed.*

*C. C. & C. L. Nourse* for appellant.

*W. E. Odell* for appellee.

DEEMER, C. J.—After the writ had been sued out, plaintiff filed an amendment to its petition, in which it alleged, as an additional ground for an attachment, "that the debt was incurred for property obtained under false pretenses." It further alleged that this ground existed at the time the original petition was filed, but that it was not informed of the fact until after the levy of the writ. Defendant moved to strike

this amendment, but his motion was overruled.  The court instructed the jury that, if this ground for attachment actually existed at the time the writ was sued out, then it was not wrongful, and further said that, if the jury found that this ground did not exist, then they need not consider whether plaintiff had reasonable ground to believe it to be true, for the reason that plaintiff did not know when it sued out the attachment whether it was true or not.  Complaint is made of the ruling and of the instruction.  Section 3021 of the Code of 1873 is as follows: "This chapter shall be liberally construed, and the plaintiff at any time when objection is made thereto, shall be permitted to amend any defect in the petition, affidavit, bond, writ or other proceeding; and no attachment shall be quashed, dismissed, or the property attached released, if the defect in any of the proceedings has been, or can be amended so as to show that a legal cause for the attachment existed at the time it was issued; and the court shall give the plaintiff a reasonable time to perfect such defective proceedings; the causes of attachment shall not be stated in the alternative."  We think this section is broad enough to authorize the procedure in this case.  It permits the amendment of the petition to show that legal cause for the attachment existed at the time the writ was issued. This is exactly what was done by the plaintiff.  In the case of *Griffith v. Harvester Co.*, 92 Iowa, 638, we said: "One of the evident purposes of this section is to prevent the loss to the plaintiff, by reason of defects in the proceedings which he is able and willing to cure, of the benefits he would derive from the attachment, and to give him a reasonable opportunity to make the correction."  The cases of *Wadsworth v. Cheeny*, 10 Iowa, 257, and *Bundy v. McKee*, 29 Iowa, 253, seem to fully justify the ruling on the motion.  The instruction to which we

have referred was undoubtedly correct. *Vorse v. Phillips*, 37 Iowa, 428. But it is said that, taken in connection with other instructions relating to reasonable ground for belief of the matters stated as grounds for attachment, it was misleading and confusing. The other instructions stated rules applicable to such counterclaims, in the ordinary and usual manner, and made the question of plaintiff's belief in the truth of the ground for attachment set up in the amendment a material inquiry. After the jury had retired, they asked for further instructions; and the court gave the one to which we first called attention, premising it with the statement that this ground for attachment was set up, by way of amendment to the petition, after the attachment was issued, and then stated that, if they failed to find it was true, then they need not consider whether or not plaintiff had reasonable ground to believe it to be true. The error, if any, in the original instructions, was covered by the additional charge; and, when all are considered together, there is no reason for thinking that the jury was misled thereby.

II. Plaintiff was permitted to introduce in evidence the written bids made to the receiver for the goods levied upon under the attachment, and the report of the receiver with reference to the sale. This is said to be error, because such bids are not competent to prove value. These bids were in writing, and were filed in the receivership proceedings. We have held, in cases involving the value of personal property, that it is competent to show what the property sold for. See *Buford v. McGetchie*, 60 Iowa, 298; *Clements v. Railway Co.*, 74 Iowa, 442. And the supreme courts of Michigan and New York, which hold to the same doctrine, also say that such evidence is competent, although the property was sold at auction. *Smith v. Mitchell*, 12 Mich. 180; *Davis v. Zimmerman*, 40 Mich.

24; *Dyer v. Rosenthal*, 45 Mich. 588; *Campbell v. Woodworth*, 20 N. Y. 499), or at sheriff's sale (*Gill v. McNamee*, 42 N. Y. 44). If this rule be correct,—and we think it is,—then it is certainly competent to show the number of bidders, and the offers made at the time the goods were exposed for sale. Such evidence, if not substantive proof of value, would throw considerable light upon the question as to whether or not the goods sold for a fair price. Mention should be made, before leaving this branch of the case, of the fact that the sale was made within a few weeks after the levy of the attachment. The evidence was competent, and relevant to the issues presented; and, although it may be conceded that it was not of itself sufficient to prove value, and of but little value, yet, if admissible for any purpose, the court properly overruled the objection. See, also, *Joy v. Insurance Co.*, 83 Iowa, 12, and *Thompson v. Anderson*, 94 Iowa, 554.

III. Certain mortgages executed by defendant on the same day, but after the attachment was levied, were introduced in evidence over defendant's objection, and the ruling is assigned as error. We have heretofore held that such evidence is admissible. *Mayne v. Bank*, 80 Iowa, 710; *Deere v. Bagley*, 80 Iowa, 197.

IV. Shortly before the attachment was sued out, one of defendant's creditors telegraphed the attorneys for the bank with reference to a claim of one thousand dollars it held against him, saying, among other things: "He is certain to fail. Unless he will secure at once attach." This telegram was shown some of the officers of the bank before it sued out the writ, and was admitted in evidence over appellant's objection. That it was properly admitted, see Deere v. Bagley and *Mayne v. Bank, supra; Bowman v. Manufacturing Co.*, 96 Iowa, 188.

V. Some other questions, relating to the suffi-ciency of the evidence, and to alleged errors of the court in submitting certain issues to the jury, are argued by counsel. They are not of sufficient moment to justify separate consideration, and we dismiss them by saying we discover no error. The verdict has support in the evidence, and the judgment is AFFIRMED.