S. A. Brush, Appellant, v. Frank P. Smith.

**Expert Testimony:** instructing on value of. Where veterinary surgeons, in an action for the sale of diseased hogs, testified respecting hog cholera, and that the conditions of the hogs in question indicated that they had the disease, it was error to instruct that expert evidence is made up largely of mere theory and speculation, and that the law recognizes expert testimony as the lowest order of evidence.

**Pleading:** counts: *Practice.* Where one count of a petition was based on a warranty that hogs were free from disease, and a second count on false and fraudulent representations made to

induce such sale, and the court charged that the measure of damages was the same on each count, it was not error to instruct that, if the jury found for plaintiff on one of the counts, he could not recover on the other, as the two causes of action grew out of the same transaction.

SAME: *Harmless error.* An erroneous instruction that plaintiff could not recover on one count of a petition if a recovery was had on another count, was harmless, where the jury found for the defendant on one count, only.

Instructions: NEGLIGENCE. An instruction that plaintiff could not recover for loss to his own hogs, in an action for the sale of diseased hogs, if he negligently permitted the diseased hogs to be mixed therewith, was not erroneous, as eliminating the question of the plaintiff's knowledge of the condition of the purchased hogs, as it is to be considered in determining his freedom from negligence.

*Appeal from Poweshiek District Court.*—HON. BEN MCCOY, Judge.

SATURDAY, APRIL 14, 1900.

ACTION at law to recover damages for false and fraudulent representations and breach of warranty in the sale of hogs. There was a trial to jury, resulting in a verdict and judgment for defendant, and plaintiff appeals.—*Reversed.*

*C. H. Washburn* for appellant.

*Scott & Reed* and *S. R. Clute* for appellee.

DEEMER, J.—The petition is in two counts. In the first it is alleged that plaintiff purchased some hogs from defendant at a public sale, and that defendant warranted them to be free from disease; that the hogs were not as warranted, but were afflicted with cholera; that three of the hogs so purchased died of the disease; and that the sick hogs communicated the disease to other hogs of plaintiff that were theretofore sound and healthy, whereby he lost twenty more. Damages were asked for the value of the hogs so lost,

and consequential damages resulting from the sickness and death of all the animals. The second count is to recover the same damages for false and fraudulent representations in the sale of the animals. Defendant admits the sale, but denies that the hogs were diseased when he sold them. He further pleaded contributory negligence of plaintiff in placing the animals purchased at the sale with his own healthy animals. In the ninth instruction given the jury, the court said, in effect, that, if they found for plaintiff on the first count, there could be no recovery on the second, and, if they found for him on the second, there could be no recovery on the first. In the previous instruction the jury were told that the measure of damage was the same under either count. There was no error in this instruction. *Joy v. Bitzer,* 77 Iowa, 73 (3 L. R. A. 184). As the eight instruction is not objected to, the giving of the ninth was manifestly correct, for the two causes of action grew out of the same transaction. But, if the instruction was not technically correct, no prejudice resulted; for the jury found that plaintiff was not entitled to recover on either count. *Fisk v. Railway Co.,* 83 Iowa, 255; *Mayne v. Bank,* 80 Iowa, 710.

II. In the eleventh instruction the court said "that if plaintiff, in taking the hogs in controversy among his own hogs, failed to use ordinary care in so doing, or negligently and carelessly permitted them to come in contact with and run with his well hogs, plaintiff cannot recover for loss by reason of the infection of his hogs from the hogs in controversy, if so infected." This instruction is said to be erroneous because it eliminates the plaintiff's knowledge of the diseased character of the animals purchased of defendant. We do not think so. In order to determine the question of negligence or ordinary care, plaintiff's knowledge was, of necessity, an essential feature, and there is nothing that inhibits the jury from considering it. Moreover, in other

parts of the charge plaintiff's knowledge was made a material feature. In any event, the instruction was without prejudice, under the rules announced in the *Fisk* and *Mayne Cases, supra.*

III. Plaintiff produced two veterinarians who gave evidence respecting the disease known as "hog cholera," and who testified that the hogs plaintiff purchased were infected with the disease at the time of his purchase. After giving the usual instruction with reference to the value of expert evidence in general, the court concluded as follows: *"It may be further remarked, too, in regard to evidence which is made up largely of mere theory and speculation, and which suggests mere probabilities, that it ought never to be allowed to overcome clear and well-established facts, and, further, that the law recognizes expert testimony as the lowest order of evidence."* The part italicized is objected to. That it announces the correct rule in a certain class of cases, as where the evidence relates to the genuineness of handwriting, is conceded. But it is argued that in the instant case it was erroneous. The right of the court to give cautionary instructions regarding such evidence is admitted, but it is claimed that it was error to instruct in this case that expert testimony is the lowest order of evidence. No doubt, this evidence, being merely the opinions of witnesses, should be received with caution; for it is well known that a witness testifying to an opinion is more likely to be mistaken than one who testifies to a fact. But, while it is to be received with caution, it is not always true that it is of little value, or the lowest order of evidence. In some cases it may be of great value, and of the highest character. *State v. Townsend,* 66 Iowa, 745; *Bever v. Spangler,* 93 Iowa, 605. The disease among animals denominated "cholera" is so well known and established, has been the subject of so much investigation by experts, and its symptoms and effects have become so well recognized by professional veterinarians, that we think evidence given by them,

based on proven facts, should not be disparaged as was done in this case. As said in *State v. Townsend, supra:* "In view of the peculiar character of the case, we do not think that medical evidence should be regarded as the lowest order of evidence. The attempt to grade the evidence was calculated to mislead the jury and the instructions cannot be sustained."

Some motions are submitted with the case. We need only say with reference thereto that they seem to be without merit. For the error pointed out, the judgment is RE-VERSED.