HENRY J. VEZINA v. DELPHIS SOULIERE.

November Term, 1930.

Present: POWERS, C. J., SLACK, MOULTON, WILLCOX, and THOMPSON, JJ.

Opinion filed January 7, 1931.

*Searles & Graves* for the defendant.

*Pierce & Miles* for the plaintiff.

SLACK, J. The plaintiff sues for damages for fraud in the sale to him by the defendant of a certain horse. The declaration contains two counts. Each count alleges in substance that for

the purpose of inducing the plaintiff to purchase said horse the defendant wilfully, falsely, and fraudulently represented said horse to be a good horse for farm work, of kind disposition, and safe and gentle in every way; that in truth and in fact said horse was a kicker, "had a vicious propensity to kick without warning or provocation," all of which the defendant then and there well knew, or ought to have known; and that the plaintiff, not knowing the contrary, purchased said horse relying upon such false and fraudulent representations, etc. The damages declared for in the first count are the loss of the purchase price of the horse; those declared for in the second count are for personal injury to plaintiff resulting from a kick by the horse.

The plaintiff had a general verdict for $666.85 of which amount the record shows that $491.85 was for personal injuries declared for in the second count.

The only question for review relates to plaintiff's right to recover the latter amount. This question was raised at the close of all the evidence by a motion for a directed verdict for the defendant as to the second count. The motion contains six grounds which in brief are these: That there was no evidence of any false representations as to the fitness of the horse for any special purpose, so no recovery can be had for personal injuries; that plaintiff knew that the horse was a kicker before he got hurt and voluntarily assumed the risk of being kicked by using him at that time; that the plaintiff was guilty of negligence in using the horse after he knew that he was a kicker, which negligence proximately caused or contributed to his injuries; that plaintiff cannot recover for injuries resulting from his own wrong; and that there was no evidence that the horse was sold for a particular purpose.

 The first and last grounds of the motion require but little attention. The evidence tends to show that the defendant represented the horse to be "nice and gentle and kind" in every way, which is a deceitful and fraudulent characterization of a horse that a vendor knows is a kicker, regardless of the purpose for which such horse is sold. Moreover, while there was no direct evidence that the horse was sold for a particular purpose, the character of the horse and the nature of plaintiff's occupation (he was a farmer), both of which the defendant knew, justify the inference that the defendant understood that the

horse was sold for general work purposes rather than for a saddle horse or for a gentleman's driver.

The remaining grounds of the motion present the single question of whether the evidence tended to show that the plaintiff, at the time he was hurt, had such knowledge that the horse was a kicker as will bar a recovery for his personal injuries.

■ ■ While damages for personal injuries are recoverable in actions of this kind under proper allegations and proofs, *Allen* v. *Truesdell*, 135 Mass. 75; *Langridge* v. *Levy*, 2 M. & W. 519; s. c. 4 M. & W. 337; *Smith* v. *Green*, 1 Com. Pl. Div. 92; *Sharon* v. *Mosher*, 17 Barb. (N. Y.) 518; *Habeeb* v. *Dass*, 111 Misc. Rep. 437, 181 N. Y. S. 392; *Anderson* v. *Evansville Brewing Co.*, 49 Ind. App. 403, 97 N. E. 445, a person cannot recover for injuries received by using a vicious animal after he knows that it is vicious. *Bruce* v. *Fiss, etc., Horse Co.*, 47 App. Div. 273, 62 N. Y. S. 96; *Degenhardt* v. *Billings*, 33 Ohio Cir. Ct. 232, or defective machinery after he knows of the defect. *Cedar Rapids & I. C. Ry. Co.* v. *Sprague Electric Co.*, 280 Ill. 386, 117 N. E. 461, L. R. A. 1918B, 200; *Razey* v. *J. B. Colt Co.*, 106 App. Div. 103, 94 N. Y. S. 59. Somewhat analogous is *Pinney* v. *Andrus*, 41 Vt. 631, where it is held that the vendee of sheep sold under misrepresentations cannot recover damages for injury that might have been averted by the exercise of ordinary care, diligence, and skill on his part when he learned their true condition. See, also, *Northern Supply Company* v. *Wangard*, 123 Wis. 1, 100 N. W. 1066, 107 A. S. R. 984, and *Brush* v. *Smith*, 111 Iowa, 217, 82 N. W. 467. The rule deducible from the foregoing cases is that, however false and deceitful the vendor's representations respecting the subject of the sale may have been, the vendee cannot recover damages resulting from his own wrong or his failure to exercise due care and diligence after he has discovered the falsity of such representations. It cannot be possible, as is said in *Bruce* v. *Fiss, etc., Horse Co., supra,* where a vicious horse was the subject of the controversy, that the vendee was at liberty to use the horse as long as he saw fit, and hold the defendant liable for any damage that might be occasioned.

It appeared in the instant case that a short time before the plaintiff traded for the horse he saw him in defendant's sales stable at Orleans; that defendant's brother was then in charge of the stable and was caring for the horses; that plaintiff noticed

■

that he did not "comb" this one as he did the others and inquired why and was told that this horse was a kicker, a bad horse, and treacherous; that the day the trade was made the plaintiff told the defendant what his brother had said about the horse; that the defendant replied that his brother didn't know anything about the horse, and said that the horse was kind and gentle in every way; that at plaintiff's suggestion his boy then attempted to take up one of the horse's hind feet, and he kicked; that defendant said that this was because the horse was green and had never been shod behind, and asserted that the horse was not a kicker; that thereupon the trade was concluded; that that night when the plaintiff's boy put the horse in the stall he kicked the boy and injured him quite severely; that the next morning plaintiff saw the defendant and told him what had happened, and defendant said it was probably because the horse was in a strange stable and probably nervous, and told the plaintiff to keep him a while and he would see that he was all right. The plaintiff testified on direct examination that when the defendant told him that, "So I thought he (the horse) was all right." On cross-examination, after testifying that the defendant told him to keep the horse awhile and he would see that he was all right, he testified: "So I believed him and so I kept the horse another while to find out whether he was a kicker." It further appeared that the day of the latter interview between plaintiff and defendant the plaintiff's boy took the horse to a blacksmith to be shod, and the blacksmith told him that he had shod the horse before, that he took the shoes off from "the back and put them in front," and that he had to put the horse in the stocks to do that; that the blacksmith put the horse in the stocks the day the boy took him to be shod, and that the boy told his father about this, and also what the blacksmith had told him when he got home; that about six weeks later the horse kicked the plaintiff and broke his leg whereupon plaintiff returned him to the defendant and demanded the return of the purchase price.

Ordinarily, the question whether a vendee has used the care and diligence required of him either in determining the falsity of the representations respecting the subject of the sale or in protecting himself from injury after such falsity is known is for the jury, but when, as here, the vendee's evidence admits of no opposing inferences, it is one of law for the court. On the plaintiff's own evidence he knew, or in the exercise of ordinary

intelligence ought to have known, that the horse was a kicker. He was told that such was the fact by defendant's brother who he ought to have known from what he observed was in a position to know; he had seen the horse kick at his boy, and learned through the blacksmith that one of the reasons that defendant gave for this, namely, that the horse had never been shod behind, was false, and he knew the horse had kicked his boy. With this knowledge respecting the horse, and the defendant's veracity, it is.futile to claim that plaintiff relied on defendant's representations in continuing the use of the horse. He chose to keep him "for another while to find out whether he was a kicker," and in so doing acted at his own peril. The motion as to the second count should have been granted.

*Judgment reversed, and judgment for the plaintiff for the sum of $175, the amount of the verdict less the item for personal injuries, and costs.*