P. SCHOENHOFEN BREWING COMPANY, Appellant, v. W. S. ARMSTRONG, Sheriff, Appellee.

1. **Pleading**: AMENDMENT FILED WITHOUT LEAVE OF COURT: WHEN STRICKEN FROM FILES. In an action against a sheriff to recover liquors taken under a search warrant, the plaintiff alleged in his petition that the property sought to be recovered was of the value of four hundred and eight and thirty one hundredths dollars, which allegation was denied in the defendant's answer. Afterward, the liquors having been taken by the plaintiff from the possession of the defendant under a writ of replevin, and on the day the cause was set for trial, the defendant amended his answer, admitting the value of the liquors as alleged in the petition. On the same day, but after the jury was impaneled, the plaintiff, without leave of court, filed an amendment to his petition, placing the value of the liquors at one hundred and one dollars. *Held*, that it did not appear that the amendment was in furtherance of justice, and that the discretion of the district court was not abused in striking it from the files.

2. **Replevin**: PROPERTY TAKEN UNDER SEARCH WARRANT. Replevin will not lie to recover the possession of intoxicating liquors taken by a sheriff, and held by him, by virtue of a search warrant duly issued in pursuance of the police regulations of the state.

*Appeal from Audubon District Court.*—HON. N. W. MACY, Judge.

SATURDAY, JANUARY 20, 1894.

THE defendant is the sheriff of Audubon county, in this state, and as such, by virtue of a search war-

rant issued by a justice of the peace, he seized and took a quantity of intoxicating liquors from the custody of John Mullen and William Burns. This is an action for the recovery of the specific personal property, and, by virtue of a writ herein issued, the liquors were taken from the custody of the defendant under allegations by the plaintiff that it is a resident corporation of the state of Illinois; that it shipped said liquors into this state from the state of Illinois in the original packages, to be sold in packages in this state by its agents, Mullen and Burns; and that it is the owner thereof, and entitled to immediate possession. The answer, by way of defense, after certain denials, states the facts as to the custody of the liquors by the defend-. ant by virtue of the search warrant, and their being taken therefrom under process in this suit. The case was tried to a jury, resulting in a verdict for the defendant, and a judgment for the defendant for the value of the liquors. The plaintiff appeals.—*Affirmed.*

*H. U. Funk, John M. Griggs* and *Theo. F. Myers,* for appellant.

*Nash, Phelps & Green, H. M. Hanna* and *R. C. Carpenter,* County Attorney, for appellee.

GRANGER, C. J.—I.  In the original petition, as filed, the value of the liquors was placed at four hundred and eight dollars and thirty cents.

1. PLEADING: amendment filed without leave of court: when stricken from files.

The petition was filed July 7, 1890. In the answer, filed December 17, 1890, the value, as alleged, is denied. On the seventh of March, 1891, the answer was amended, admitting the value as alleged. On the same day, after the jury was impaneled to try the issues, the plaintiff, without leave of court, filed an amendment placing the value of the liquors at one hundred and one dollars, which amendment was, on motion of the

defendant, stricken from the files, and the action of the court in so doing is assigned as error.

Some four grounds were stated in the motion for the court's action. The first is: "That it was filed without the leave of the court first obtained." If the court would have been justified in refusing leave, if asked before filing, it was justified in striking the amendment because filed without leave, and that method of considering the question will certainly be fair to the appellant. Conceding the liberality of the rule as to amendments, they are always to be allowed in furtherance of justice. Code, section 2689. The ruling of the court must have been made in view of the facts that, when the amount was fixed in the petition originally, the plaintiff, if successful in the suit, might be required to accept a judgment for the value of the liquors, and it then very precisely stated the value as four hundred and eight dollars and thirty cents. When the plaintiff filed the amendment, the situation had so changed that, if the defendant should be successful, it might be required to pay the value of the liquors, and it then sought to change the averment as to the value, and fix it at one hundred and one dollars, "and no more." The amendment contains no statement that the averment in the original petition was made through inadvertence or mistake, and the two statements seem to have been intentionally made, and the latter just at the moment of proceeding to trial. The conclusion in the mind of the court, with such a condition of the record, is not difficult to understand, and it certainly does not appear that the amendment should have been permitted in furtherance of justice. Amendments at such a stage of the proceedings are allowed within the sound discretion of the court. *Clough v. Adams*, 71 Iowa, 17. The court is vested with a sound discretion as to striking amendments from the files. *Wyland v. Mendel*, 78 Iowa, 739. The action of the district court

in striking the amendment was not an abuse of its discretion.

II.    The facts as to the liquors being taken from the defendant sheriff while in his custody, by virtue of a search warrant, appear conclusively from the record.    These facts bring the case clearly within the rule announced in *Lemp v. Fullerton*, 83 Iowa, 192, and *Anheuser-Busch Brewing Ass'n v. Fullerton*, 83 Iowa, 760.    It is true that in this case, at the trial in the district court, these facts were disregarded, or not noticed, and the cause was determined on other issues.    In this court the appellee urges that, regardless of the errors assigned, these facts, and the law applicable thereto, control, and the case must be affirmed.    The appellant urges that the cause should be here only upon the issues submitted to the jury as to which errors are assigned.    Why the case was tried below without reference to this controlling question we are not informed.    With the state of the record, had the attention of the court been called to it, a verdict for the defendant should have been ordered.    We notice that, when the cause was tried in the district court, the case of *Lemp v. Fullerton* had not been determined in this court, and the present situation may be the result of a mutual misapprehension as to the law applicable to the facts.    However that may be, such law must control in this case, and, should the case be reversed on some errors assigned, the district court must then apply the law, and enter judgment for the defendant, and the result would be a reversal because of errors not prejudicial.    To our minds the question is not a doubtful one, and the judgment will stand AFFIRMED.

2. REPLEVIN: property taken under search warrant.