EMERSON & COMPANY, Appellant, v. G. E. CONVERSE.

**Wrongful Attachment:** DAMAGES: *Second attachment.* Defendant's property was attached, and placed in the custody of the sheriff. Plaintiff levied a subsequent attachment. A receiver was appointed in the suit of the first attaching creditor, and the property sold for the benefit of both the attaching creditors. *Held,* that if plaintiff failed to recover, defendant was not entitled to recover on the attachment bond the difference between the sum realized from the sale of his interest in the property and the value of such interest at the time of the levy, since the measure of damages was only legal interest on the surplus, during the time it was wrongfully held by virtue of plaintiff's attachment.

**Appeal:** STRIKING AMENDMENT TO PLEADING. The discretion of the trial court in granting a motion to strike an amendment to a petition in attachment proceedings which set up a new ground for attachment and was filed after the jury was impaneled will not be disturbed on appeal except for an abuse of such discretion.

*Appeal from Polk District Court.*—HON. THOMAS F. STEVENSON, Judge.

· THURSDAY, OCTOBER 13, 1898.

ACTION, aided by attachment, upon two promissory notes. The defense was part payment, and there was a counterclaim for damages upon the attachment bond. Trial to jury. Verdict and judgment for defendant. Plaintiff appeals.—*Reversed.*

*Bailey & Ballreich* for appellant.

*C. C. & C. L. Nourse* for appellee.

WATERMAN, J.—The ground for attachment, as stated in the original petition, which was filed on the seventeenth day of February, 1894, was that "defendant is about to dispose of his property with intent to defraud his creditors." The answer and counterclaim were filed September 20, 1895.

On March 11, 1896, the cause was called for trial. After the jury was impaneled, plaintiff filed an amendment to his petition, in which, as an additional ground for attachment, he alleged "that the debt sued on herein is for property obtained under false pretenses." A motion to strike this amendment from the files was sustained, and this action of the court is the ground of the first assignment of error. It is urged in support of the court's ruling that section 3021 of the Code of 1873, which provides for the amendment of the petition, affidavit, or writ in attachment proceedings, does not authorize an amendment which sets up a new ground of attachment. We held otherwise in *Citizens Nat. Bank v. Converse,* 105 Iowa, 669. The amendment being proper in substance, we have only to consider whether the court abused its discretion in refusing to permit it to stand as a pleading in the case. Section 2689 of the Code of 1873 is as follows: "The court may on motion of either party at an time in furtherance of justice, and on such terms as may be proper, permit such party to amend any pleadings or proceedings by adding or striking out the name of a party or by correcting a mistake in the name of a party, or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defense, by conforming the pleadings or proceedings to the facts proved." Under this section we have held that the rule is to permit amendments; to refuse them, the exception. *Hinkle v. Davenport,* 38 Iowa, 355; *Pride v. Wormwood,* 27 Iowa, 257. We have also held that the matter of allowing amendments is within the sound discretion of the trial court. *Brockman v. Berryhill,* 16 Iowa, 183; *Hays v. Turner,* 23 Iowa, 214; *Phillips v. Van Schaick,* 37 Iowa, 229. Coming, as this amendment did, after the trial had begun, we cannot say that it was any abuse of the court's discretion to disallow it. No good reason is given why this matter was not set up at an earlier date. While great liberality should be shown by the courts in the allowance of amendments that are

in furtherance of justice, the right is not absolute, and attorneys should not be encouraged to wait until the last moment before presenting their cases. There was no error in sustaining the motion to strike. *Brewing Co. v. Armstrong*, 89 Iowa, 673.

II. It is next urged that the testimony does not show that the writ was wrongfully sued out. Upon this point, as may well be conceived, there is a conflict. We are not able to say that the finding of the jury is without substantial support.

III. The rule of damages, as given in the court's instructions, is next complained of by appellant. The particular instruction objected to is as follows: "If you find that the defendant is entitled to recover upon his counterclaim on the bond sued on, then your next inquiry should be as to the amount of his recovery. On this question you are instructed that under the undisputed evidence, at the time of the levy of the attachment of the plaintiffs on the said stock of goods, furniture, and fixtures, and leasehold interest in the storeroom No. 516 Walnut street, in the city of Des Moines, the Citizens' National Bank was in the possession of said property, and had the right to hold the same to the extent of nine thousand dollars in value, for the purpose of selling the same, and to sell the same, and to appropriate the proceeds of said sale, to the extent of six thousand dollars, to the payment of the debt owing it from the defendant; that the interest of the defendant in said stock, furniture, fixtures, and leasehold interests at the time of the levy of the attachment complained of in this case was that of absolute ownership, subject to the said rights of the Citizens' National Bank; and you may allow as actual damages whatever sum you may find, considering all the circumstances and facts shown in evidence, to be the difference in the value of the interest of the defendant in said property, as stated to you in this instruction, at the time of the levy of the attachment

herein, and the sum realized from the sale thereof. In arriving at this sum you are to consider all the facts and circumstances shown in evidence tending to show the value of said property at the time of the levy of the attachment herein, and the value of the said interest of the defendant therein at the time last mentioned, and also the sum realized from the sale of said property, and defendant's said interest therein. * * *" It will be observed from the conceded facts as stated in this paragraph that the whole of the property seized by plaintiff had been taken and was held by another creditor of defendant. The testimony shows beyond dispute that this was done under a prior writ of attachment; that a receiver was appointed, who sold the property for the benefit of the attaching creditors. Plaintiff, under his writ, did not deprive defendant of possession, for the latter was not in possession when this writ was levied. He did not force the sale of the attached property, for that was done by the first attaching creditor. All that plaintiff secured by this levy was a right, to the extent of his claim, to the surplus, if any, over and above the amount necessary to satisfy the first attachment. We do not think plaintiff's liability any greater, under the circumstances, than it would have been if he had garnished the sheriff while the latter was in possession under the first writ. In such case the measure of defendant's recovery would not ordinarily be more than interest on the surplus at six per cent. during the time it was wrongfully held. *Fourth Nat. Bank v. Mayer,* 96 Ga. 728 (24 S. E. Rep. 453); *Green Fruit Co. v. Pate,* 99 Ga. 60 (24 S. E. Rep. 455). As having a bearing, also, upon this question of damages, see *Schwartz v. Davis,* 90 Iowa, 324; *Porter v. Knight,* 63 Iowa, 365; Waples Attachment, page 448. The instruction announces an erroneous rule.

IV. Some other errors are discussed by counsel, but they are not matters which are likely to arise on another trial, and we need devote no attention to them.—REVERSED.