### No. 2,466.

### W. W. WADE, Respondent, *v.* N. D. THAYER *et al.*, Appellants.

Evidence.—Rebutting Testimony.—Where a plaintiff in rebuttal, introduces evidence in contradiction of the witnesses of the defendants, it is competent to the latter, after the plaintiff has rested, to support their credibility by the introduction of additional testimony.

Assault.—Damages.—A party guilty of a wanton, malicious, and unprovoked assault upon the person, is liable for exemplary damages.

Idem.—Liability of Employer for assault by Employee.—An employer though not present, and in no manner consenting to or aiding the assault, is liable for the actual damage sustained in an assault upon the person, committed by his servants or employees, while in the performance of their duties as such.

The facts are stated in the opinion.

Appeal from District Court of the Sixth District, City and County of Sacramento.

*Haymon & Stratton* and *F. A. Hornblower,* for Appellants.

*First*—On the trial, the defendant in rebuttal placed several witnesses on the stand, and offered to prove by them that Barret, Gruce, Newhouse and O'Connor, witnesses who

had been sworn and examined for defendant, were present at the time of the difficulty. The Court refused to permit the testimony to be given.

Several witnesses for plaintiff had testified that those witnesses were *not* present, and it was clearly in rebuttal to show that they were; beside, the testimony offered would have tended to discredit the witnesses who testified that they were not present.

*Second*—Defendants requested the Court to charge the jury that: "Damages are given as a compensation, recompense or satisfaction to the plaintiff for an injury actually received by him from the defendant, and the damages assessed by the jury should be commensurate with the injury received and no more," which charge the Court refused to give.

This was error. (2 Greenleaf on Evidence, ?253; *Rockwood* v. *Allen*, 7 Mass. 256; *Bussy* v. *Donaldson*, 4 Dall. 207; *Churchill* v. *Watson*, 5 Day, 144; *Hall* v. *C. R. S. Co.*, 13 Conn. 320; *Southard* v. *Rexford*, 6 Cowen, 264; *Baterman* v. *Goodyear*, 12 Conn. 580.)

*Third*—The Court refused to charge that: "If the jury find, from the evidence, that the defendant Thayer neither commanded, knew of,' or assented to any assault or battery made by the defendants, Land or Carmody, if any such was made on plaintiff, then their verdict must be in favor of said defendant."

This refusal was in violation of the well established rule that the master is not liable for the willful, designed, intentional or criminal injury, wrong or trespass of his servant. (2 Hilliard on Torts, 422; *Douglass* v. *Stephens*, 18 Mo. 367; *McManus* v. *Crickett*. 1 East. 106; *Wesson* v. *Seaboard R. R. Co.*, 4 Jones, 379.

*Severance* and *Smith,* for Respondent.

*First*—The first point made by the appellants, unsupported by authorities, is, that the Court erred in refusing to allow them to prove by Wade, Thayer, Land and Carmody, that Barrett, Gruce, Newhouse, and O'Connor, witnesses who had been sworn and examined for defendant,

were present at the time of the difficulty, claiming that such testimony would have been in rebuttal of the evidence of plaintiff to the effect that those witnesses were *not* present, and would have tended to discredit the witnesses who so testified.

The term "rebutting evidence" is more particularly applied to that evidence given by the plaintiff to explain or repel the evidence given by the defendant. (2 *Bouviers' Law Dic.* 424.) And this is the true rule to be applied to this point of the case; the testimony of Barret, Gruce, Newhouse, and O'Connor, was simply to contradict, or in rebuttal of, the evidence previously introduced by plaintiff, giving a different version of the transaction from that already given, as they saw it being present, which was in turn contradicted or rebutted by plaintiff's evidence, subsequently offered, to the effect that they did not see it and were not present. If then, defendant, as a matter of course, upon any principle of legal reasoning, were at liberty to give rebutting testimony, by parity of reasoning, plaintiff would have been entitled to his rejoinder, and so on *ad infinitum.*

The law accords to the Court, in its discretion, the power to fix a limit to this piecemeal method of submitting testimony; for who so capable of exercising such discretion as the Court before whom the whole case is heard? Nor will the appellate Court interfere with the free exercise of such discretion unless the record discloses gross abuse thereof. (*Broadus* v. *Nelson,* 16 Cal. 80.)

What latitude shall be allowed to a plaintiff, in introducing evidence in rebuttal after defendant has rested, is entirely discretionary with the trial Court, and its action, in this respect, is not subject to review upon appeal. (*Brooks* v. *Crosby,* 22 Cal. 50.)

And this rule of discretion not only obtains in the granting or refusing motions for new trial. (*Cooke* v. *Stewart,* 2 Cal. 353; *Drake* v. *Palmer,* 2 Cal. 172; *Speck* v. *Hoyt,* 3 Cal. 420; *Smith* v. *Billet,* 15 Cal. 26), but in the granting of continuance. (*Pilot Rock Creek Canal Co.* v. *Chapman,* 11 Cal. 162; *Musgrove* v. *Perkins,* 9 Cal. 212), and in permitting

amendments, (*Robinson* v. *Smith*, 14 Cal. 254; *Gillan* v. *Hutchinson*, 16 Cal. 156), and in allowing or refusing further evidence by either or both parties after the testimony is closed (*Mowry* v. *Starbuck*, 4 Cal. 275), as well as in a large variety of other adjudicated cases.

Cumulative evidence means additional evidence to support the same point, and which is like in character to that already produced. (1 Green on Ev. Sec. 2; *The People* v. *Superior Court of N. Y.*, 10 Wend. 294; *Parker* v. *Hardy*, 24 Pick. 248.)

The testimony offered by the defendants and rejected by the Court was cumulative in its character, and designed simply to corroborate the credit of the testimony of Barret, Gruce, Newhouse, and O'Connor, and not in response to any new matter suggested by plaintiff's evidence in rebuttal, and the Court but exercised a sound and legitimate discretion in excluding it, as it did, upon its own motion.

It is against the general rule to grant a new trial merely for the discovery of corroborative or cumulative facts or circumstances relating to the same matter, which was principally controverted upon the former trial. (*Smith* v. *Brush*, 8 Johns. 86; *Pike* v. *Evans*, 15 Johns. 213.)

When the evidence is cumulative, a new trial will not be granted. (*Taylor* v. *Cal. Stage Co.*, 6 Cal. 228; *Spencer* v. *Doane*, 23 Cal. 420; *Gaven* v. *Dopman*, 5 Cal. 342.)

The invocation of the same rule is full and complete answer to defendant's proposition that the testimony offered would have tended to discredit the witness who testified that they were *not* present.

Appellants assign as error the refusal of the Court to charge the jury as follows:

"Damages are given as a compensation, recompense, or satisfaction to the plaintiff for an injury actually received by him from the defendant, and the damages assessed by the jury should be commensurate with the injury received, and no more."

This instruction was properly refused, since unexplained it would have had a tendency to exclude from the considera-

tion of the jury the question of punitory, vindictive, or exemplary damages, applicable to the case at bar, and allowed in all cases wherein the elements of fraud, malice, gross negligence, or oppression are mingled. (Sedgwick on Damages, 38; *Wilson* v. *Middleton*. 2 Cal. 54.)

The instruction is evidently a copy of 2 Green on Evidence, ?253, and is not sustained by the authorities (*Rockwood* v. *Allen*, 7 Mass. 256; *Churchill* v. *Watson*, 5 Day, 144; *Hall* v. *C. R. S. Co.*, 13 Conn. 320; *Southard* v. *Rexford*, 6 Cowen, 254; *Batemen* v. *Goodyear*, 12 Conn. 580.) cited by appellants, show the instruction to have been too restricted in its terms. None of these cases, however, were similar to the one at bar, none being for malicious injury to the person.

The same learned writer on evidence, in another place, lays down the true rule governing this class of cases to be that "the jury are not confined to the mere corporal injury which the plaintiff has sustained, but are at liberty to consider the malice of the defendant, the insulting character of his conduct, the rank in life of the several parties, and all the circumstances of the outrage, and thereupon to award such *exemplary* damages as the circumstances may in their judgment, require." (2 Green. on Ev., ? 89; *Macdougall* v. *Maguire*, 35 Cal. 278.)

While the rule (Green. on Ev., 253) may be good as to general damages in actions on contracts, it is by no means the proper one where exemplary damages are allowed, as in the case at bar; for there is a marked distinction between actions on contracts and for wrongs. (Sedgwick on Damages, 60; *Stimpson* v. *The Railroads, Wallace, Jr.*, R. 164; *Nelson* v. *Morgan*, 2 Martin, 257; *Dorsey* v. *Manlove*, 14 Cal. 553; *Selden* v. *Cashman*, 20 Cal. 56.)

In the United States generally, the power of the jury to give exemplary damages, where circumstances of aggravation render it impossible to apply any fixed rules of law, has been steadily maintained. (Sedgwick on Damages 458. and cases there cited.)

The relation of master and servant being established, all else is mode and manner; and as to that, the master is responsible. (*Kline* v. *C. P. R. R. Co.*, 37 Cal. 409.)

Even though the plaintiff has been a trespasser, and wrongfully in the bed, Thayer's servants were bound to exercise reasonable care and prudence in removing him. " The rule that the plaintiff cannot recover, if his own wrong as well as that of the defendant has conduced to the injury which he has sustained, is confined to cases where his wrong or negligence has immediately or proximately contributed to the result." (*Id.* 406.)

So nearly analogous is the case at bar to the case last cited, that we deem it wholly unnecessary to attempt a review of the cases cited by appellants in support of this point. There was no error in law committed on the trial to the prejudice of defendants, or either of them; and this Court will not review the verdict of a jury where the evidence is contradictory. (*Duell* v. *B. R. & A. M. Co.*, 5 Cal. 86.)

CROCKETT J., delivered the opinion of the Court; TEMPLE, J., WALLACE, J., and RHODES C. J., concurring:

The plaintiff sues to recover damages for an assault and battery alleged to have been committed on him by defendant Thayer, who is the keeper of a hotel, and by the other defendants, who were his servants and employees—the one as clerk and the other as porter of the hotel. The plaintiff recovered a judgment for $1,250, and the defendants, having moved for a new trial, which was denied, now prosecute this appeal. There was evidence at the trial tending to show that the plaintiff, in violation of the rules of the hotel, and without having first obtained leave to do so, entered one of the bedrooms whilst in a state of intoxication and went to sleep on the bed without undressing; that, having been discovered in this condition by the clerk and porter, they made a violent assault upon him, inflicting serious bodily injuries, from which he suffered great bodily pain, and from the effects of which he has not yet fully recovered. The evidence for the plaintiff tended to show a

brutal assault by the clerk and porter, without any other provocation than that the plaintiff was found on the bed under the circumstances above stated, and that the defendant Thayer, though not present at the commencement of the assault, came into the room about the time it was concluded, and either pushed or knocked the plaintiff down whilst attempting to eject him from the house. The defendants were examined as witness on their own behalf, and gave a different version of the affair, in which they were corroborated by several other witnesses, who testified that they were present. The evidence for the defendants tended to show that the plaintiff, on being requested to leave the room, assaulted the clerk and knocked him down, and that the porter, interfering to protect the clerk, knocked the plaintiff down, inflicting the injuries complained of. Some of the witnesses for the plaintiff testified, in rebuttal, that no one was present during the affray except themselves and the plaintiff and defendants; and, after the plaintiff rested, the defendant offered to recall the plaintiff and the defendants on their own behalf, to prove that the other witnesses for the defendants were present at the affray as they had testified, but the Court excluded this testimony, and this ruling is assigned as error.

I think the testimony was competent, material and not cumulative, and ought to have been admitted. When these witnesses of the defendants had testified that they were present and witnessed the affray, the defendants could not have anticipated that the plaintiff would afterwards attempt to prove that said witnesses were not present; and if they had offered to show by other testimony that said witnesses were present, in advance of any proof by the plaintiff to the contrary, it is doubtful whether such evidence would have been admissible at that stage of the case. The defendants were not bound to maintain the credibility of their witnesses by other evidence until after they had been assailed by the plaintiff; and no effort was made to impeach them except by the plaintiff's proof in rebuttal, to the effect that

they were not present as they had testified.  It was then, for the first time, that the defendants had an opportunity to contradict the plaintiff's witnesses on that point, and to maintain the credibility of their own by showing that they were in fact present as they had deposed.  The evidence on behalf of the plaintiff, to the effect that these witnesses of the defendants were not present, could have been offered for no other purpose than to impeach their credibility, and was conpetent for this purpose.

It is a well settled rule that a party, whose witnesses are sought to be impeached by proof of this character, may support their credibility by rebutting evidence.

The only other errors assigned relate to the instructions given and refused.  But inasmuch as the judgment must be reversed for the error already noticed, I deem it unnecessary to discuss the instructions in detail, and it will suffice to say that I discovered no error in the instructions given at the instance of the plaintiff; and as to the instructions requested by the defendants, and which were refused by the Court, I think they were properly denied.  They embody but two general propositions, *i. e.*: first, that the defendants were not liable for punitive or exemplary damages, however malicious and unprovoked the assault may have been, but only for the actual damage which the plaintiff suffered; second, that if either one of the defendants was not present at, and did not advise or aid in the assault committed by the others, he is not responsible in damages.

The first proposition is not sound law.  It is too well settled to need the citation of authorities, that exemplary damages may be given for a wanton, malicious and unprovoked assault upon the person, and it is equally plain that if the asault was committed by Land and Carmody, whilst on the performance of their duties as the servants and employees of Thayer, the latter would be responsible for the actual damage which the plaintiff suffered, even though he was not present and in no manner consented to or aided in the assault.  He would be responsible as principal for all the actual damage caused by his agents and servants in

the performance of their official duties; but would not be liable for their wanton and malicious acts done without his consent or approval. This question was fully discussed and the authorities cited in *Turner* v. *N. B.* and *M. R. R. Co.,* (34 Cal. 599) and need not be further noticed.

Judgment reversed and cause remanded for a new trial.