[No. 12232. Department One.—June 11, 1888.]

LIZZIE BUNDY ET AL., RESPONDENTS, v. SAMUEL MAGINESS, APPELLANT.

ASSAULT AND BATTERY—PROVOCATIVE ACTS—EVIDENCE.—In an action for an assault and battery, where the answer admits the assault, but alleges that it "was wholly provoked" by an insulting speech made by the plaintiff eo instanti, evidence is inadmissible on behalf of the defendant of other provocative acts of the plaintiff done before the time of the assault.

ID.—EXEMPLARY DAMAGES WHEN RECOVERABLE—PUNISHMENT CRIMINALLY NOT A BAR.—Under section 3294 of the Civil Code, exemplary damages are recoverable for an oppressive or malicious assault upon the person; and the fact that the party committing the assault has been punished criminally therefor is no bar to their recovery in a civil action.

PRACTICE — JUDGMENT — VERDICT — DELAY IN ENTRY. — A judgment entered on a Monday upon a verdict rendered on the night of the preceding Saturday is not invalidated, under section 664 of the Code of Civil Procedure, by reason of the delay in its entry.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial.

The action was brought by a married woman, her husband being joined as a plaintiff, to recover damages for an assault and battery. The action was tried before a jury, who returned a verdict for the plaintiff on the night of a Saturday, upon which judgment was entered on the following Monday. From this judgment, and from an order refusing a new trial, the defendant appealed. The further facts are stated in the opinion.

*Blanchard & Swisler,* and *A. L. Hart,* for Appellant.

Evidence of provocative acts done prior to the assault were improperly excluded. (*Dolan* v. *Fagan,* 63 Barb. 73; *Stetlar* v. *Nellis,* 60 Barb. 524; *Richardson* v. *Northrup,* 56 Barb. 105; 1 Wait on Actions and Defenses, p. 346, sec. 14; Abbott on Trial Evidence, 650; *Lyon* v. *Hancock,* 35 Cal. 373; *Bruce* v. *Breist,* 5 Allen, 100.)

*Grove L. Johnson,* and *Irwin & Irwin,* for Respondents.

FOOTE, C. — The defendant, Samuel Maginess, was sued by the plaintiff Lizzie Bundy, joined with her husband, to recover damages for an assault and battery inflicted upon her.

In his answer the defendant did not deny the assault and battery, but claimed that he only slapped the plaintiff, and that the slap he gave her "was wholly provoked" by the insulting and taunting speech of the plaintiff *eo instanti.* Upon the trial he endeavored to introduce evidence showing other provocative acts of the plaintiff done before the time of the alleged slapping.

Inasmuch as, according to his answer, the provocation which caused the assault and battery was that occurring at the moment of the attack on the plaintiff, it is difficult

to see how any other acts of provocation, which he says in that pleading had nothing to do with his unlawful act, could be availed of as a defense. He cannot be permitted to disprove the allegations of his answer.

The fact that upon a verdict rendered Saturday night a judgment was not entered until the following Monday, cannot be held to invalidate it under a statute purely directory, and not mandatory, as is section 664 of the Code of Civil Procedure.

It is also claimed that in an action of this kind exemplary damages cannot be given, and that the court erred in giving instructions to the jury that they could allow them. But in this state the law does allow such damages for an oppressive or malicious assault upon the person. (Civ. Code, sec. 3294; *Wade* v. *Thayer*, 40 Cal. 585.)

It is further alleged that no such rule of law should have been given to the jury to guide their action as that which ignored the punishment of the defendant criminally for the assault, as a defense against an action for exemplary damages, if the evidence warranted it.

It was held in *Wilson* v. *Middleton*, 2 Cal. 54, that such punishment was no bar to the recovery of exemplary damages for such an unlawful act as the defendant committed.

The evidence before the jury, as we think, justified them in determining that the defendant had inflicted severe injury upon the plaintiff, and had done so maliciously. Such being the case, their verdict should not be disturbed. (Civ. Code, sec. 3294.)

We perceive no error in the granting or refusing instructions by the court.

No prejudicial error appearing in the record, we advise that the judgment and order be affirmed.

BELCHER, C. C., and HAYNE, C., concurred.

The COURT.—For the reasons given in the foregoing opinion, the judgment and order are affirmed.