## ANDERSON ET AL. *v.* EVANSVILLE BREWING ASSOCIATION.

[No. 7,497. Filed February 15, 1912.]

1. FRAUD.—*Sales of Liquors.*—*Complaint.*—A complaint alleging that the plaintiffs were engaged in the mercantile and restaurant business, that they sold refreshments, that defendant engaged them to sell "temperance brew," that defendant represented that such drink was not intoxicating, that plaintiffs relied thereon, that such drink was intoxicating, that the plaintiffs were indicted for having such drinks on hand for the purpose of sale, that they were tried, found guilty, fined and imprisoned therefor and that by reason of such false representations they were thus damaged, proceeds upon the theory of fraud in such sale. p. 407.

2. FRAUD.—*Deceit.*—*Pleading.*—*Presumptions.*—Fraud, or deceit, is not presumed, and to recover therefor, it must be alleged and proved. p. 407.

3. FRAUD.—*Sales.*—*Damages.*—*Complaint.*—A complaint for damages resulting from a fraudulent sale must show (1) that defendant made a material false representation as to an existing fact, (2) that defendant knew it was false, or made it recklessly, without knowledge of its truth and as a positive assertion of fact, (3) that is was made to induce plaintiff to act thereon, (4) that plaintiff, relying thereon, acted upon it and (5) that he suffered an injury therefrom. p. 407.

4. FRAUD.—*Deceit.*—*Knowledge.*—*Constructive.*—Where a person unqualifiedly asserts the existence of a fact, he is presumed to know of its existence; and if such assertion is false, and is acted upon to the damage of the person to whom it is made, an action for fraud lies. p. 407.

5.  FRAUD. — *Damages.* — *Special.—Complaint.* — A complaint for
fraudulent representations in a sale of "temperance brew," caus-
ing the plaintiffs to be fined and imprisoned, to their damage,
seeks to recover special damages.  p. 407.

6.  INTOXICATING LIQUORS.—*Unlawful Place.—Possession.*—Under
§8337 Burns 1908, Acts 1907 p. 27, §1, providing that "any person
not being licensed  *  *  *  who shall sell or barter  *  *  *
any spirituous, vinous or malt liquors  *  *  *  and any person
who shall keep, run or operate a place where intoxicating liquors
are sold, bartered or given away in violation of the laws," or
"any person who shall be found in possession of such liquors for
such purpose" shall be fined, it is unlawful to sell intoxicating
liquors without a license, or to keep a place where such liquors
are so sold, or to have such liquors in one's possession for such
purpose.  p. 408.

7.  INTOXICATING LIQUORS.—*Unlawful Sales of.—Special Damages.*
*—Complaint.*—A complaint against a wholesale dealer for special
damages for arrest and imprisonment caused by false representa-
tions in the sale of "temperance brew," must allege that the plain-
tiffs received such goods and that they unintentionally violated
the law, and that they were convicted for such violation.  p. 408.

8.  PLEADING.—*Presumptions.*—No presumption is indulged in a
pleading when tested by a demurrer, the presumption being that
the pleader stated the facts as favorably to himself as possible.
p. 408.

9.  INTOXICATING LIQUORS.—*Damages.—Want of License.—Allega-
tions.—Complaint.*—Allegations in a complaint that "temperance
brew" could not be lawfully sold without a license, "which fact
defendant well knew," is insufficient to show that the plaintiffs
were not licensed dealers; nor will allegations that the plaintiffs
were arrested, fined and imprisoned for illegal sales of such "tem-
perance brew," or of having it in their possession, sufficiently
show that sales were actually made, or that plaintiffs had such
beverage in their possession for the purpose of sale.  p. 408.

10.  INTOXICATING LIQUORS. — *Sales.—False Representations.—Li-
cense.—Notice.—Negativing.—Complaint.*—A complaint for spe-
cial damages for the arrest and imprisonment of the plaintiffs for
selling and keeping for sale "temperance brew," caused by de-
fendant's false representation that such "temperance brew" was
not intoxicating, must allege that the plaintiffs were not licensed
to sell intoxicating liquors, but it need not allege that defendant
knew such fact.  p. 409.

11.  INTOXICATING LIQUORS.—*Wholesalers.—Sales by.*—Under §8351
Burns 1908, Acts 1907 p. 689, §1, providing that it shall be unlaw-
ful for wholesale dealers to sell to any one but "retail dealers
licensed by the laws of the State, or to wholesale liquor dealers
or to druggists or pharmacists who are licensed as such by the

state board of pharmacy," wholesale dealers in intoxicating liquors are authorized to sell only to wholesale dealers, licensed retail dealers, and licensed druggists and pharmacists.    pp. 409, 412.

12.  DAMAGES.—*Joint Plaintiffs.—Complaint.*—A complaint by two persons for damages for arrest and imprisonment, alleging merely that they were merchants engaged in the sale of general merchandise, fails to show a joint interest in the cause of action and is insufficient.    p. 409.

13.  DAMAGES.—*Character.—Joinder of Plaintiffs.*—To recover damages to the person or character, the action must be individual; and two persons similarly damaged by the same defendant cannot join as plaintiffs.    p. 410.

14.  FRAUD.—*Sales.—False Representations.—Intoxicating Liquors. —Arrest and Imprisonment.—Proximate Cause.*—Where defendant fraudulently sold "temperance brew" to plaintiffs to be sold by them as a nonintoxicating drink, and they sold it as such, and were indicted, tried, fined and imprisoned therefor, defendant knowing that they had no license and that such liquor was intoxicating, such fine and imprisonment constitutes the proximate result of such fraud, and defendant is liable therefor.    pp. 410, 411.

15.  TORT.—*Intervening Agency.—Liability.*—An intervening responsible agent will not defeat a recovery from the original wrongdoer, if such agency should have been foreseen when such wrong was committed.    p. 410.

16.  FRAUD.—*Sales.—False Representations.—Notice of Quality.*—A merchant purchasing "temperance brew" upon the false representation by the manufacturer that it was not intoxicating, has a right to rely upon such representation without inspection or examination to determine the truth or falsity thereof.    p. 411.

17.  DAMAGES.—*Violation of Criminal Law.—Intoxicating Liquors.*—The fact that a sale of liquors constitutes a violation of the criminal law does not preclude the recovery of civil damages therefor.    p. 412.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by Markwood Anderson and another against the Evansville Brewing Association.  From a judgment for defendant, plaintiffs appeal.  *Affirmed.*

*Walter F. Wood,* for appellants.

*John W. Spencer, John R. Brill, Frank H. Hatfield* and *John T.* and *Will H. Hays,* for appellee.

FELT, C. J.—Appellants commenced this action to recover damages for an alleged fraudulent sale of "temperance brew" to them by appellee.

The complaint is in one paragraph, to which a demurrer, for want of facts, was sustained, and the only error presented by this appeal is the ruling on the demurrer.

The allegations of the complaint, in substance, are that appellee is a corporation organized under the laws of Indiana; that appellants, on March 1, 1908, were merchants engaged in the sale of general merchandise, restaurant goods and soft drinks in the town of Sullivan; that on said day appellee falsely, wrongfully and fraudulently represented to appellants that "temperance brew," manufactured and sold by said appellee, was a nonintoxicating beverage, and "not such a beverage as would be prohibited by law, and at said time asked appellants to handle and sell said "temperance brew" at retail at their store;" that appellants, relying on said representations and believing them to be true, bought a large amount of said "temperance brew" from appellee for sale at retail in their store, which fact was known to appellee; that said brew was not a nonintoxicating liquor, but was in fact an intoxicating liquor, and could not be lawfully sold without a license, which fact appellee well knew at the time said representations were made to appellants; that thereafter appellants were indicted, tried and found guilty of having in their possession, for the purpose of sale without a license, said "temperance brew," and each was sentenced to ninety days' imprisonment in the Sullivan county jail and to pay a fine of $200; that by reason of the false and fraudulent representations aforesaid, appellees were thrown in jail, taken away from their business, and have been disgraced, damaged and humiliated in the sum of $5,000.

Considering the general scope and tenor of the averments, it is apparent that the theory of the complaint is that of

1. fraud of appellee alleged to have been perpetrated in the sale of "temperance brew" to appellants. *Merica* v. *Fort Wayne, etc., Traction Co.* (1912), *ante,* 288.

2. Fraud is not presumed, and to warrant a recovery for fraud or deceit it must be averred and proved.

3. To make a complaint good for general damages resulting from a fraudulent sale of a commodity, it must, in substance, be averred (1) that defendant made a material representation as to an existing fact; (2) that it was false; (3) that he made it, knowing it to be false, or made it recklessly, without knowledge of its truth and as a positive assertion of a fact; (4) that it was made to induce plaintiff to act on it; (5) that plaintiff relied on it and acted thereon; (6) that by so doing he suffered an injury for which a recovery is sought. 20 Cyc. 13, 24; 14 Am. and Eng. Ency. Law (2d ed.) 21; *Hartford Life Ins. Co.* v. *Hope* (1907), 40 Ind. App. 354; *Kirkpatrick* v. *Reeves* (1889), 121 Ind. 280; *Roller* v. *Blair* (1884), 96 Ind. 203, 205.

4. Knowledge on the part of one making misrepresentations, that the representations are false is not in every case a necessary element of actionable fraud. An unqualified statement that a fact exists, made by one to induce another to act on it, implies that the former knows it to exist, and speaks from his own knowledge, and where the fact does not exist, and the party states of his own knowledge that it does, and thereby induces another to act on the statement, the law imputes to him a fraudulent purpose. *Kirkpatrick* v. *Reeves, supra; West* v. *Wright* (1884), 98 Ind. 335, 339; *New* v. *Jackson* (1912), 50 App. —, 95 N. E. 328.

5. There is no averment in the complaint before us that the beverage received from appellee was of less value than that sought to be purchased, or any similar averment. It is therefore apparent that the complaint does not seek to recover general, but special damages.

The statute makes it unlawful to sell intoxicating liquors without a license; to keep and operate a place where intoxicating liquors are sold, bartered or given away, or

6. to have in one's possession intoxicating liquors for such purpose, without a license duly issued. §8337 Burns 1908, Acts 1907 p. 27, §1.

To make a complaint for special damages good against a wholesale dealer, it must show not only the fraudulent sale to the local merchant, but, in addition thereto, the

7. unintentional violation of the law on the part of the merchant, either by a sale of the beverage so purchased, or by having it in his possession for that purpose without a license; that for such violation of the law the merchant was duly prosecuted, convicted and punished to his damage, which should be definitely stated. I Joyce, Damages §13 and notes; 6 Thompson, Negligence (2d ed.) §§7159, 7160; *Union Traction Co.* v. *Sullivan* (1906), 38 Ind. App. 513; *Martachowski* v. *Orawitz* (1900), 14 Pa. Super. 175, 184.

The complaint in this case does not allege that appellee delivered to appellants any of said beverage, or that appellants actually had any of it in their possession. Neither does it allege that appellants actually sold any of it to any person, nor that appellants were not duly licensed to sell intoxicating liquors.

When a pleading is tested by demurrer, no presumption is indulged in its favor, and no inferences can be drawn to sustain it, except those that necessarily arise from

8. the facts well pleaded. The pleader is presumed to have stated his cause or defense as fully and favorably to his client as the facts will warrant.

The charge in the complaint that "temperance brew" could not be lawfully sold without a license, "which fact defendant well knew at the time," etc., is insufficient

9. to supply the averment that appellants were not licensed dealers. Nor will the averments showing ar-

rest, fine and imprisonment for alleged illegal sales, or for having said beverage in their possession, take the place of an averment that sales were actually made by appellants, or that said beverage was actually in their possession for the purpose of resale to customers. The averments of arrest, fine and imprisonment serve the purpose of showing that special damages resulted to appellants, but they do not supply the essential averments, either of an actual sale, or of having the liquor in their possession for that purpose.

While we have held that to recover special damages on the theory of appellants' complaint, it is material to allege that appellants were not at the time licensed to sell intoxicating liquors in order to show that the sale was illegal and subjected appellee to possible arrest, fine and imprisonment, we hold that it is not necessary to aver that appellee at the time knew they did not have such license. The complaint proceeds upon the theory that appellants sought to purchase a nonintoxicating beverage, and that appellee, by fraud, sold them instead intoxicating liquor. If under such conditions appellee sold and delivered to appellants intoxicating liquor, it did so at its peril, for it is authorized to make such sales to licensed dealers only. 11. The law in such case does not place upon appellants the burden of alleging and proving appellee's violation, or reckless disregard, of the law.

The complaint attempts to state a joint cause of action in two plaintiffs, but does not aver that they were partners, or state other facts showing any joint or business interest. 12. The averment that plaintiffs were merchants engaged in the sale of general merchandise, is wholly insufficient to show any joint or partnership interest. If the complaint seeks a recovery for damage to a partnership business, the averments should show such relation between the plaintiffs as to warrant it. *Lake Erie, etc., R. Co.* v. *Priest* (1892), 131 Ind. 413, 417.

To recover damages for injury to person or character, each

person injured, in the very nature of such damages, must maintain a separate action, for the right to recover is of necessity a personal and individual right.

The complaint is insufficient to show any joint cause of action in appellants, and is therefore not good on any possible theory for even nominal damages. 15 Ency. Pl. and Pr. 541; *Swales* v. *Grubbs* (1893), 6 Ind. App. 477, 480.

It is also stated that in any event the damages claimed by appellants cannot be recovered, because they are not the proximate result of the alleged fraudulent sale by appellee; that the alleged injury resulted from sales made by appellants to third persons, and not from the sale by appellee to appellants; that the case falls within the rule of an intervening responsible agency cutting off the line of causation from the alleged original wrongdoer.

In order that the injury may be chargeable to the alleged fraud, it is necessary that there be some connection between the effect and the cause, the injury and the wrong, but this connection need not necessarily be direct or immediate. It is sufficient if it is shown that but for the alleged wrong no injury would have occurred, and that the injury is one which might reasonably have been anticipated by the wrongdoer, though the precise injury complained of need not necessarily have been foreseen. *Ohio, etc., R. Co.* v. *Trowbridge* (1890), 126 Ind. 391, 395; *Knouff* v. *City of Logansport* (1901), 26 Ind. App. 202, 206, 84 Am. St. 292; *Evansville, etc., R. Co.* v. *Allen* (1905), 34 Ind. App. 636.

While there is an intervening responsible agent it will not operate to defeat a recovery from the original wrongdoer, if such intervening agency is one whose intervention should necessarily, or might reasonably, have been foreseen by such wrongdoer. *Cleveland, etc., R. Co.* v. *Patterson* (1906), 37 Ind. App. 617; *Nickey* v. *Steuder* (1905), 164 Ind. 189; *Louisville, etc., R. Co.* v. *Nitsche* (1890), 126 Ind. 229, 233, 9 L. R. A. 750, 22 Am. St. 582.

If a sale were actually made by a merchant under condi-

tions before indicated, resulting in his arrest, conviction, fine and imprisonment, it would be but the natural and probable result of such sale, and just such a result as might reasonably have been anticipated by the wholesale dealer making such alleged fraudulent sale to a merchant.

We should not presume the nonenforcement of the law which penalizes the sale of intoxicating liquor without a license, and where the known purpose of the original purchase was that of a resale, though the sale by the merchant intervenes between the original purchase and the resultant damage, it cannot be said to break the line of causation between the original wrong and the injury resulting therefrom. But for the original wrong the injury would not have resulted from the last sale.

It is further contended that it was the duty of appellants to examine and ascertain for themselves the properties of "temperance brew." If a seller of goods or wares makes false and fraudulent representations as to existing and material facts relating to the qualities or conditions of such goods, knowing such representations to be false, or if he makes positive statements of facts to be true when he does not in fact know them to be true, and the purchaser, relying thereon, is induced to purchase, when he otherwise would not have done so, and the falsity of such representations is unknown to the purchaser, and there is nothing open and obvious to indicate their falsity, the purchaser may rely on the representations so made, without inspection or examination to ascertain the truth or falsity of such representations. *Kramer* v. *Williamson* (1893), 135 Ind. 655, 660; *Culley* v. *Jones* (1905), 164 Ind. 168; *Manley* v. *Felty* (1896), 146 Ind. 194, 198; *Jones* v. *Hathaway* (1881), 77 Ind. 14, 21.

Applying the foregoing principles to this case, we hold that the facts averred would not relieve appellee from liability on account of any duty on the part of appellants to in-

spect the goods and determine for themselves the extent of their intoxicating properties.

The fact that the alleged sale by appellee is a violation of a penal statute does not preclude the recovery of civil damages.

Appellee as a manufacturer, and a wholesale dealer in intoxicants, is not authorized to sell intoxicating liquors to persons who were not licensed retail dealers, druggists or wholesale dealers, without violating section one of the act of 1907 (Acts 1907 p. 689, §8351 Burns 1908). Where, however, a wrong is committed for which the wrongdoer is liable both to a criminal prosecution and to a civil action for damages, exemplary damages cannot be assessed in the civil action, but the injured person may recover compensatory damages. *Wabash, etc., Publishing Co.* v. *Crumrine* (1890), 123 Ind. 89, 93; *Tracy* v. *Hacket* (1898), 19 Ind. App. 133, 65 Am. St. 398; *Steward* v. *Maddox* (1878), 63 Ind. 51; *Koerner* v. *Oberly* (1877), 56 Ind. 284, 26 Am. Rep. 34.

Other questions are suggested in the briefs, but we have considered the principal questions enough to show that the complaint is insufficient for several reasons, and that the court did not err in sustaining the demurrer thereto.

Judgment affirmed.