## SKUFAKISS ET AL. *v.* DURAY.

[No. 12,422. Filed December 9, 1926.]

TRESPASS.—*Instruction that jury could award punitive damages in action for trespass held error.*—In an action for trespass by removing plaintiff's stock of goods from a store-room rented of the defendants, the court gave an instruction that the jury could assess punitive or exemplary damages in addition to the damages to plaintiff's goods. *Held* error, as defendants could have been prosecuted for malicious trespass and thus have been punished twice for the same offense.

From Lake Superior Court; *Virgil S. Reiter,* Judge.

Action by Charles T. Duray against Sam D. Skufakiss and others. From a judgment for plaintiff, the defendants appeal. *Reversed.* By the court in banc.

*Tinkham, Tinkham & Murray* and *Tinkham & Galvin,* for appellants.

*Jesse E. Wilson,* for appellee.

REMY, J.—Action by appellee against appellants for damages for trespass. . Trial resulted in a judgment for $3,500.

The evidence most favorable to appellee established the following facts:    On November 15, 1921, appellee purchased from appellant Skufakiss a small business consisting of a stock of candies, tobacco, soft drinks and fruits, located in certain premises in the city of Hammond; appellee took possession of the premises and stock of goods and operated the business until August 20, 1923, paying the rent during the first year to Skufakiss, and later to Columbia Hotel Company, a partnership composed of the three appellants herein, the three being the owners of the premises; on August 20, 1923, Skufakiss, by deceit, procured from appellee the key to the premises, locked appellee out, seized and removed the stock of goods, some of which, being perishable, were lost; at the time the stock of goods was removed, a suit by appellants for possession of the premises was pending in a court of a justice of the peace, which suit was never tried; during the time appellee conducted the business, his income therefrom was from $250 to $300 per month.

On the trial, the court instructed the jury that if from the evidence they believed that defendants had committed a trespass in a wanton and wilful manner, as charged in the complaint, they would be authorized to assess punitive or exemplary damages, in addition to damages which would compensate appellee for his loss.    The giving of this instruction was error. *Taber* v. *Hutson* (1854), 5 Ind. 322, 61 Am. Dec. 96; *Humphries* v. *Johnson* (1863), 20 Ind. 190; *Wabash Printing, etc., Co.* v. *Crumrine* (1889), 123 Ind. 89, 21 N.

E. 904. If appellants were guilty of a trespass, as averred in the complaint, they were guilty of a misdemeanor, for which they might have been prosecuted by the state. §407 Criminal Code, Acts 1905 p. 584, §2497 Burns 1926. However, a conviction by the state would have been no defense to the civil action; nor would a judgment for damages in the civil action have barred a prosecution by the state. To permit a recovery of punitive damages in the civil action, in such a case, would open the way for the punishment of appellants twice for the same trespass.

Other questions presented are not such as are likely to arise on another trial, and are, therefore, not considered.

Reversed.