WOOTTEN v. AUSTIN et al. (7 Div. 786.)

Supreme Court of Alabama. June 30, 1928.

John B. Isbell, of Ft. Payne, for appellant.

Lee S. Baker, of Ft. Payne, for appellees.

GARDNER, J. Statutory action of ejectment by appellees against appellant for the recovery of 6⁷⁄₁₀ acres of land in De Kalb county. The cause was tried before the court on oral testimony without a jury, resulting in a judgment for the plaintiffs, from which defendant prosecutes this appeal.

There were missing links in the chain of title of the respective parties to this cause, and a complete record title was therefore not shown. No occasion arises for a recital of the deeds offered by the parties and their claim of title, as no questions are presented thereon.

Plaintiffs' evidence tended to show that they and their predecessors in title had been in adverse possession of the property under color of title sufficient to perfect title for a period of 70 years, while defendant's evidence tended to show he had held adversely under color of title for more than 20 years as to some of the land, and more than 10 years as to all.

The case seems to have resolved itself into a simple question of fact upon the issue of adverse possession. Upon this issue the evidence was in conflict, a discussion of which would serve no useful purpose. Suffice it to say that upon due consideration of the same by the court in consultation, the court concludes that the evidence for plaintiffs amply justifies the judgment of the court below.

As we read the brief of counsel for appellant, this is the only assignment of error there insisted upon. The first three assignments of error are so general in character as to call for no consideration here. Supreme Court Rule 1; vol. 4, Code 1923, p. 880; Hall v. Pearce, 209 Ala. 397, 96 So. 608. Indeed, they are not insisted upon in brief, and therefore waived. Syllacauga Land Co. v. Hendrix, 103 Ala. 254, 15 So. 594; Bransford v. Glennon, 216 Ala. 72, 112 So. 341.

We construe assignments of error 4 and 5 to call in question the action of the court in rendering judgment for the plaintiffs, to which we have above referred. The sixth and last assignment relates to the overruling of defendant's motion for a new trial. The brief merely repeats this assignment, without more. There is therefore no such insistence as is required by the rules of this court, and the assignment must be considered as waived. 1 Michie Digest, p. 476; Georgia Cotton Co. v. Lee, 196 Ala. 599, 72 So. 158. It may be added, however, with due propriety, that a consideration of the assignment would avail appellant nothing. The trial court saw and heard the witnesses. The evidence was in sharp conflict, and under the well-recognized rule by which this court is governed under these circumstances the judgment of the trial court on the facts would not be here disturbed.

It results as our conclusion the judgment should be affirmed. It is so ordered.

Affirmed.

ANDERSON, C. J., and SAYRE and BOULDIN, JJ., concur.