20 So.2d 525

SPURLOCK v. J. T. KNIGHT & SON.

4 Div. 318.

Supreme Court of Alabama.

Jan. 11, 1945.

John C. Walters, of Troy, for appellant.

John H. Wilkerson, of Troy, and Steiner, Crum & Weil, of Montgomery, for appellee.

LIVINGSTON, Justice.

As a result of a change in appellate procedure, certain preliminary questions of unusual interest to the bench and bar, and presented by this record, were decided and reported near the end of the last term, without a decision on the merits of the case. See 18 So.2d 685 [1] and Blair v. Greene, Ala.Sup., 18 So.2d 688. [2] We now proceed to dispose of the cause on the merits.

As stated on former appeal, Spurlock v. J. T. Knight & Son, 244 Ala. 364, 13 So.2d 396:

"The one count of the complaint claims damages for the breach of a written contract between the parties.

"To the complaint, defendant interposed two pleas in abatement. In substance the pleas allege that defendant is a foreign corporation, not qualified to do business in Alabama, and was not doing business by agent in Pike County, Alabama (as stated in plea one), 'at the time of the institution of this suit'; (and as stated in plea two) 'at the time of the service of the summons and complaint upon it in this cause.' Neither plea was tested by demurrer, but issue was joined on each."

The issue thus joined was tried by a jury and resulted in a verdict and judgment for the defendant. Plaintiff appealed.

The only errors assigned or considered in appellant's brief relate to the ruling of the trial court on the introduction of evidence.

As stated on former appeal:

"The written contract, the basis of the cause of action, and which is attached to and made a part of the complaint, and introduced in evidence by the defendant, does not show the doing of business in Pike County as contemplated by the Constitution and statutes.

---

[1] Ante, p. 33     [2] Ante, p. 28

"But plaintiff insists that he had another agreement with defendant, entered into by parol, subsequent to the making of the written contract."

 Appellant's first assignment of error is based on the trial court's action in sustaining appellee's objection to the following question propounded to appellee's witness, Dismuke, on cross-examination: "You were to pay him 50 cents a ton, were you?"

The materiality of the information sought by the question is not apparent. Obviously, from the cross-examination leading up to the question, the matter inquired about relates to scrap material shipped under the written agreement between the parties. This agreement was in evidence and its terms were not in dispute. There was no error in the court ruling.

The second assignment is based on the trial court's action in sustaining appellee's objection to the following question propounded to appellee's witness, Dismuke, on cross-examination: (Q.) "I understand what you said. On October 8th, 1936, did you get a car load of steel from him?" The information sought was specifically given in later cross-examination as follows: (Q.) "The next one was on October 8th, 1936, wasn't it? (A.) Yes. (Q.) That was a car load of No. 1 steel that was shipped in car 54406, wasn't it? (A.) That's right." There was no error.

The third assignment is as follows: "The court erred in not permitting the plaintiff to show that the defendant paid the plaintiff for metal, beeswax, hides and tallow immediately after August 9th, 1938, all of which had been received by the defendant immediately prior thereto, the same being further cross-examination of defendant witness, Dismuke. (Tr. p. 21.)"

Reference to page 21 of the transcript shows no specific question asked to which objection was sustained. The record does show that the court sustained objection to the following proposal by appellant's counsel: "We further propose to show that the metals, beeswax and hides and tallow which were bought shortly before August 9th, 1938 were paid for sometime immediately right after August 9th, 1938, and that it was a continuing transaction. We propose to cross-examine the witness along that line, and your honor sustains the objection."

This assignment of error is too general. Moreover, the facts which counsel proposed to show were not in dispute, were admitted throughout the trial, and counsel for appellant immediately continued with the cross-examination by showing that appellee had received some 23 shipments from appellant, amounting to something over $5000. There was no error.

Assignments 4 and 5 are based on the trial court's refusal to allow appellant to show that appellee had a branch office or agent in Birmingham, Alabama, and to introduce appellee's letterhead showing a branch office in Birmingham. The evidence was not material to any issue raised by the pleas in abatement. Moreover, the written contract between the parties, and which was in evidence, was on appellee's letterhead.

Assignment of error number 6 is entirely too general to be considered. We find no error in the record and the cause is due to be, and is affirmed.

Affirmed.

All the Justices concur.