92 So.2d 35

**E. L. ALMON, d/b/a Cullman Butane Gas Company,**

v.

**COMMISSION OF EDUCATION OF CULLMAN COUNTY, et al.**

**6 Div. 25.**

Supreme Court of Alabama.

Jan. 17, 1957.

W. Marvin Scott, Cullman, for appellant.

Robt. A. Sapp, Cullman, for appellees.

LAWSON, Justice.

This is an appeal by the plaintiff below from a judgment of nonsuit entered on his motion. § 819, Title 7, Code 1940.

On and prior to October 9, 1954, E. L. Almon was doing business in the city of Cullman as Cullman Butane Gas Company. It appears that he sold supplies and materials of the kind used in school buildings and that articles of the kind secured from Almon were installed in the Holly Pond School in Cullman County. Such articles apparently were obtained from Almon by one Lovvorn, who at the time was the principal of the Holly Pond School.

Almon not having been paid for the articles so furnished filed this suit in the circuit court of Cullman County. In the caption of the complaint the parties are described thusly:

"E. L. Almon an individual doing business as Cullman Butane Gas Co., Plaintiff.

vs.

Commission on Education of Cullman County, Alabama, a quasi corporation, Harold E. Clark as Principal Teacher and as Secrtary of Board of Trustees of Holly Pond School, and Oscar Fed-

erer, Curtis Reid, Elbert Shaw, individually and as Trustees of Holly Pond School, and Richard Roe and John Doe whose names are otherwise unknown but whose correct names will be supplied when ascertained, Defendants."

The plaintiff stated his action in three counts, all in Code form, for merchandise, goods and chattels sold by plaintiff to defendants, for work and labor done, and on an open account. The defendants pleaded not guilty and that they did not owe the plaintiff. The plea of not guilty is not the appropriate plea in actions of assumpsit in the courts of this state, nor is a plea to the effect that defendants are not indebted to plaintiff the appropriate plea. Hill v. Hyde, 219 Ala. 155, 121 So. 510; Traweek v. Hagler, 199 Ala. 664, 75 So. 152. However, such pleas do present a substantial issue and must be attacked by a proper and timely objection. Hill v. Hyde, supra; Espalla v. Richard, 94 Ala. 159, 10 So. 137. No such objection was interposed in this case. The parties apparently considered that the pleas of the defendants amounted to the averment that the allegations of the complaint are not true, the correct plea of the general issue in a case of this kind.

Issue being joined on the pleadings as above described, the cause came on for trial before the court and a jury. The first and only witness called was the plaintiff. During the course of his direct examination his counsel moved for a nonsuit, which motion was followed by the judgment from which this appeal has been taken. In pertinent parts the judgment entry recites:

"* * * the plaintiff takes a nonsuit, with bill of exceptions, on account of the adverse rulings of the Court on the evidence in this cause.

"It is, therefore, ordered and adjudged by the Court that defendant go hence without day and have and recover of plaintiff all costs in this cause created, for recovery of which let execution issue."

On this appeal we are limited to a consideration of only such rulings of the court which culminated in and superinduced the taking of a nonsuit. Mullins v. Alabama Great Southern R. Co., 239 Ala. 608, 195 So. 866; Calvert v. J. M. Steverson & Sons Lumber Co., 244 Ala. 206, 12 So.2d 365; Cauble v. Boy Scouts of America, 250 Ala. 152, 33 So.2d 461; Foreman v. Dorsey Trailers, 256 Ala. 253, 54 So.2d 499; Poole v. William Penn Fire Ins. Co., 264 Ala. 62, 84 So.2d 333; Carter v. City of Gadsden, 264 Ala. 544, 88 So.2d 689; Calvert Fire Ins. Co. v. Maddox, Ala.App., 82 So.2d 277, certiorari denied, 263 Ala. 698, 82 So.2d 280.

We have said that the recitals of the judgment as to the cause of nonsuit are conclusive. Garner v. Baker, 214 Ala. 385, 108 So. 38; Calvert Fire Ins. Co. v. Maddox, supra. But where, as here, the judgment entry does not specify with particularity the ruling or rulings which caused the taking of the nonsuit, it becomes necessary for us to determine what rulings superinduced such nonsuit. City of Mobile v. Board of Revenue and Road Commissioners of Mobile County, 219 Ala. 60, 121 So. 49; Long v. Holley, 157 Ala. 514, 47 So. 655; Calvert Fire Ins. Co. v. Maddox, supra. A general statement of the kind set out in the judgment entry in this case, "* * * on account of the adverse rulings of the Court on the evidence * * *" does not open the way to a consideration of all of the rulings prior to the nonsuit. City of Mobile v. Board of Revenue and Road Commissioners of Mobile County, supra; Schillinger v. Wickersham, 199 Ala. 612, 75 So. 11. In the case last cited it was said:

"It is thus made clear that when a non-suit is taken with bill of exceptions, and appeal is perfected, there is presented for decision under the statute (Code, § 3017) [§ 819, Title 7,

492

Code 1940] the 'ruling of the court' that made it necessary for the plaintiff to suffer such involuntary nonsuit. That is to say, such nonsuit with bill of exceptions does not present for review all of the rulings theretofore made by the court on the pleadings, or on the introduction of evidence, as the case may be, but only that ruling or rulings going to the right of the plaintiff to proceed in his effort for recovery. Of course, where several adverse rulings, taken together, superinduced the nonsuit, and such fact or necessity is apparent by the record or the bill of exceptions, such adverse rulings will be considered on appeal." 199 Ala. 614, 75 So. 12.

We come now to a consideration of the assignments of error.

That which is numbered Assignment of Error 1 is but an introductory statement.

Assignments of Error 2 and 3 show on their face that they do not refer to "adverse ruling of the Court on the evidence" and the action of the court there complained of cannot be said to have superinduced the taking of the nonsuit.

Assignment of Error 4 apparently refers to a ruling of the trial court sustaining defendants' objection to a question which the trial court later permitted the witness to answer. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix; Capital Motor Lines v. Loring, 238 Ala. 260, 189 So. 897.

Assignments of Error 5, 6 and 7 are entirely too general to warrant consideration. Jackson Lumber Co. v. Butler, 244 Ala. 348, 13 So.2d 294; Wetzel v. Hobbs, 249 Ala. 434, 31 So.2d 639; Kinnon v. Louisville & N. R. Co., 187 Ala. 480, 65 So. 397; Taylor v. Taylor, 251 Ala. 374, 37 So.2d 645; Wootten v. Austin, 218 Ala. 156, 117 So. 652; Spurlock v. J. T. Knight & Son, 246 Ala. 283, 20 So.2d 525; Miles v. Moore, 262 Ala. 441, 79 So.2d 432; Snellings v. Jones, 33 Ala.App. 301, 33 So.2d 371, certiorari denied 250 Ala. 89, 33 So.2d 373.

None of the remaining assignments of error relate to rulings of the court on the evidence. They show on their face that they have reference to statements made by the trial court during a colloquy between the court and counsel for the plaintiff below, the appellant here, and in one instance to a statement made by counsel for the defendants during that colloquy. Aside from the fact that these assignments of error do not relate to the cause stated in the judgment for the taking of the nonsuit, the record fails to show an objection to any of the statements of which complaint is made.

The statement of the court made the basis of Assignment of Error 10, while not a ruling of the court on the admissibility of evidence, does show that the trial court thought that unless certain proof was brought forward the Commission of Education of Cullman County, one of the defendants, would be entitled to the affirmative charge. But this was not a ruling of the court. It was "a mere intimation or announcement by the court to counsel of the intention of the court as to how it would rule" in the absence of further proof. Champion v. Central of Georgia R. Co., 165 Ala. 551, 51 So. 562, 563; Brown v. Ashworth, 237 Ala. 160, 185 So. 754.

The record shows that immediately after the statement of the court, "Mr. Scott [counsel for plaintiff below], my suggestion is that you sue the members of the Board of Trustees at that time and their successors in office," which is made the basis of Assignment of Error 11, the following occurred:

"Mr. Scott: Are you making a ruling to that effect?

"Court: We are going to continue with this case, Mr. Scott."

Without any further action or ruling, plaintiff's counsel moved for the nonsuit.

Assignment of Error 12 apparently has reference to a statement made by counsel for the defendants during the colloquy.

There was no objection to the statement, no motion to exclude it, and no ruling of the court.

We are constrained to say that the record before us indicates that the judgment rendered by the trial court was actually a voluntary nolle prosequi taken by the plaintiff below and hence he cannot complain of it. Champion v. Central of Georgia R. Co., supra.

The judgment is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.