103 So.2d 743

Levie H. SHELLEY

v.

Charlie CLARK.

4 Div. 928.

Supreme Court of Alabama.

May 22, 1958.

Rehearing Denied June 19, 1958.

Archie I. Grubb and Sam A. LeMaistre, Eufaula, for appellee.

Grady G. Cleveland, Jr., Eufaula, for appellant.

**LAWSON, Justice.**

Charlie Clark brought this suit in the circuit court of Barbour County against Levie H. Shelley, claiming $15,000 as damages for assault and battery.

There was jury verdict in favor of the plaintiff for $7,500. Judgment was duly entered in accord with the verdict. Shelley's motion for new trial being denied, he has appealed to this court.

 The appellant has assigned errors in the following manner. He alleges that:

"The Court erred in overruling the appellant's motion for a new trial and as grounds therefor sets down and assigns the following:" That statement is followed by fifteen "grounds." While this a very unusual and awkward method of assigning error, we will consider it as being sufficient to invite review of those "grounds" which are well stated and which have been properly argued in brief of appellant. Grimes v. Jackson, 263 Ala. 22, 82 So.2d 315.

 The third "ground" reads: "The Court erred in overruling appellant's objection to the introduction of hearsay evidence. (Transcript, Page 17)" Under the rule of our cases this assignment is perhaps too general. Spurlock v. J. T. Knight & Son, 246 Ala. 283, 20 So.2d 525; Almon v. Commission of Education, 265 Ala. 489, 92 So.2d 35, and cases cited. But in any event the ruling of the court of which appellant seems to be complaining was the overruling of an objection interposed after the witness had given an irresponsive answer to a question which was not objectionable. The proper procedure would have been to move to exclude the irresponsive answer. Ganey v. Henley, 260 Ala. 514, 71 So.2d 281; McBee v. McBee, 265 Ala. 414, 91 So.2d 675; Jones v. Lamb, 239 Ala. 225, 194 So. 652.

· That which we are treating as the fourth assignment of error reads: "The Court erred in sustaining the objection of the appellee to the question asked appellee to relate a conversation between appellee and the witness Marvin Edwards asked by the defendant for the purpose of impeaching the testimony of the appellee as a witness. (Transcript, Page 33)" A reading of page 33 of the transcript discloses that none of the testimony of the appellee, Clark, is set out on that page. Yet the assignment refers to the court's action in sustaining an objection to a question asked appellee. Moreover, this assignment is so indefinite and involved that it cannot be considered. Globe & Rutgers Fire Ins. Co. v. Jones, 213 Ala. 656, 106 So. 172; Western Steel Car & Foundry

Co. v. Cunningham, 158 Ala. 369, 48 So. 109.

The evidence shows that the plaintiff and the defendant lived on adjoining lots in the city of Eufaula and that for serveral days prior to September 18, 1956, the defendant had been irritated with some of the actions of the plaintiff and of members of his family and had sworn out two warrants, one of which charged the plaintiff with disorderly conduct and the other charged him with creating a fire hazard. It is not clear from the evidence as to what was the basis of the disorderly conduct charge. Apparently the defendant took the position that too much noise was emanating from plaintiff's premises. These two warrants seem to have been sworn out on Monday, September 17, 1956. The fire hazard charge seems to have been based on the fact that on Saturday, September 15, the plaintiff after raking up his yard placed some leaves inside his garage, which was located only a few feet from the garage of the defendant.

The evidence for the plaintiff tends to show that at about 9:00 on Tuesday morning, September 18, 1956, while he was raking leaves in his yard the defendant called to him from his premises, saying among other things as follows: "I want to tell you if you put another leaf in that garage I will kill you quick as a snake, and there won't be nothing dead but a mill hand * * * you won't go to jail next time, you will go to the cemetery." To that remark the plaintiff replied: "Brother, I didn't go to jail that time, and as far as the cemetery, one time is as good as another." Following that remark the defendant went into his house and obtained his pistol. The plaintiff's testimony as to the events which followed is as follows: "I had my back to him, and heard something behind me; the fact is I had my back turned that way, and I turned around and it was him coming through the hedge, and he had a pistol pointed right at me, and he didn't stop until he walked right up to me and stuck the pistol in my stomach, that close. (indicating) He said 'I asked you what you intended doing with those leaves, put them in the garage?' And he said 'I'll shoot your guts out, I'll shoot you half in two.' And the pistol made a noise like that. (indicating) And he held it there a while, and then he jerked it away from my stomach and struck me on the head with it; he was hitting me with the pistol in one hand and with his fist with the other hand. I throwed up, and was trying to knock the licks off with my hands, and the last lick he hit me on the arm with the pistol, and he must have got unbalanced, he dropped it. He moved to get the pistol back and I did too, and he beat me to it, and naturally I gave him a shove by it and I reached down and got the pistol, and at that time he went back over the hedge into his yard, and I brought the pistol down to the court house here and gave it to the police in the police department. He followed me here and wanted me locked up, and wanted the pistol back to finish the job. * * *"

The defendant did not deny that he hit the plaintiff over the head several times with the pistol, but he denied making several of the statements attributed to him. He stated, in effect, that he did not act until after the plaintiff made a threatening gesture. However, the credibility of the witnesses was for the jury's determination and under the evidence presented the jury was entitled to award punitive damages as for a highly aggravated assault attended with insult.

It is well established that a civil suits for damages for an assault or assault and battery, the jury in its discretion may award punitive damages whenever there is averment and proof tending to show that the act charged was wrongful and attended with an insult and other circumstances of aggravation. Birmingham Ry., Light & Power Co. v. Coleman, 181 Ala. 478, 61 So. 890; South Brilliant Coal Co.

v. Williams, 206 Ala. 637, 91 So. 589; John R. Thompson & Co. v. Vildibill, 211 Ala. 199, 100 So. 139; Miller-Brent Lumber Co. v. Stewart, 166 Ala. 657, 51 So. 943; Kress v. Lawrence, 158 Ala. 652, 47 So. 574; Mitchell v. Gambill, 140 Ala. 316, 37 So. 290; Alabama Great Southern R. Co. v. Frazier, 93 Ala. 45, 9 So. 303; Avondale Mills v. Bryant, 10 Ala.App. 507, 63 So. 932; Empire Clothing Co. v. Hammons, 17 Ala.App. 60, 81 So. 838.

■ An assault and battery has always been a criminal offense in this state, so in each of the cases cited above a holding is implicit that the mere fact that the act complained of is a violation of a criminal law does not bar a recovery of punitive damages. In Alabama Great Southern R. Co. v. Sellers, 93 Ala. 9, 9 So. 375, there is express recognition of that principle. Louisiana and Indiana apparently hold to the contrary. Franklin v. Arkansas Fuel Oil Co., 218 La. 987, 51 So.2d 600; Angelloz v. Humble Oil and Refining Co., 196 La. 604, 199 So. 656; Skufakiss v. Duray, 85 Ind.App. 426, 154 N.E. 289; Anderson v. Evansville Brewing Ass'n, 49 Ind.App. 403, 97 N.E. 445. For cases from other jurisdictions expressly holding in accord with the majority rule that punitive damages may be recovered in a civil case, irrespective of the fact that the act complained of is punishable as a criminal offense, see Summers v. Keller, 152 Mo.App. 626, 133 S.W. 1180, judgment modified Keller v. Summers, 262 Mo. 324, 171 S.W. 336; Wirsing v. Smith, 222 Pa. 8, 70 A. 906; Donley v. Amerada Petroleum Corp., 152 Kan. 518, 106 P.2d 652; Pratt v. Duck, 28 Tenn.App. 502, 191 S.W.2d 562; Amos v. Prom, Inc., D.C., 115 F.Supp. 127; Bundy v. Maginess, 76 Cal. 532, 18 P. 668; Miller v. Blanton, 213 Ark. 246, 210 S.W.2d 293, 3 A.L.R.2d 203. See 25 C. J.S. Damages § 122; 15 Am.Jur., Damages, § 275.

In counties where the trial judge resides, as is the situation in this case, the following provisions of § 119, Title 13, Code 1940, have application:

"After the lapse of ten days from the rendition of a judgment or decree, the plaintiff may have execution issued thereon, *and after the lapse of thirty days from the date on which a judgment or decree was rendered, the court shall lose all power over it, as completely as if the end of the term had been on that day, unless a motion to set aside the judgment or decree, or grant a new trial has been filed and called to the attention of the court, and an order entered continuing it for hearing to a future day; * * *".* (Emphasis supplied.)

■ The judgment in this case was rendered on April 16, 1957. On May 9, 1957, the defendant filed a motion for a new trial. The transcript in this case does not contain a copy of any order of the trial judge prior to May 28, 1957, which was more than thirty days after the date on which the judgment was rendered. On May 28, 1957, the judge made an order reciting the fact that a hearing of the motion for a new trial was held on May 16, 1957, but such recital is not sufficient. Central of Georgia Ry. Co. v. McDaniel, 262 Ala. 227, 78 So. 2d 290; Pate v. State, 244 Ala. 396, 14 So. 2d 251. Our case of Sadler v. Sessions, 261 Ala. 323, 74 So.2d 425, is distinguishable in that in that case an entry was made by the trial judge on the margin of the motion for new trial within thirty days from the date the judgment was rendered.

■ The ruling of the trial court denying appellant's motion for a new trial was void because it was beyond the power and jurisdiction of the court on May, 28, 1957, to act on that motion. It follows that the question of excessive damages which must be raised on motion for a new trial cannot be considered here. Central of Georgia R. Co. v. Chicago Varnish Co., 169 Ala. 287, 53 So. 832; Oates v. Glover, 228 Ala. 656,

154 So. 786; Mutual Sav. Life Ins. Co. v. Osborne, 245 Ala. 15, 15 So.2d 713.

 During the argument of one of the lawyers representing the plaintiff, counsel for the defendant stated: "I am going to object and ask that the remark Mr. Grubb made relative to this court giving Mr. Shelley the maximum penalty be excluded, because it was not." In response to that objection the court stated: "It was the maximum fine, but he could have gone to the penitentiary; it was the maximum fine, but the max'mum penalty no." Counsel for plaintiff then remarked: "That was all they could give him under the charge they convicted him of." The defendant's counsel during direct examination of the defendant brought out the fact that the defendant had been convicted of assault and battery upon the plaintiff and fined $500. Hence, it was not improper for counsel for plaintiff to comment upon that fact in closing argument to the jury. Counsel's comment to the effect that the court inflicted the maximum penalty was incorrect, but the trial court adequately corrected that misstatement. There was no ruling of the court invoked on the last remark of plaintiff's counsel quoted above.

 According to the transcript, there was no ruling of the court on the objection interposed by defendant's counsel to the statement of counsel for plaintiff to the effect that he "was certain that they are going to do it again." There being no ruling of the court, there is no basis for an assignment of error with respect to that statement. Headley v. Harris, 196 Ala. 520, 71 So. 695; Western Union Telegraph Co. v. Howington, 198 Ala. 311, 73 So. 550.

 The other point in respect to "opposing counsel talking to the defendant and pointing his finger into his face" cannot be sustained because the transcript of the proceedings shows an objection without showing that such conduct occurred. Crotwell v. Cowan, 236 Ala. 578, 184 So. 195.

The judgment of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.