# 650

126 So.2d 493

**STATE of Alabama**

v.

**John Willard DAW et ux.**

3 Div. 912.

Supreme Court of Alabama.

Jan. 26, 1961.

Robt. H. Jones, Sp. Asst. Atty. Gen., and J. B. Nix, Jr., Evergreen, for appellant.

B. E. Jones and R. L. Jones, Evergreen, for appellees.

COLEMAN, Justice.

This is an appeal from a final judgment in the circuit court on the verdict of a jury awarding compensation to appellees in a condemnation proceeding. Appellees have moved to dismiss the appeal on the ground that it was not timely taken. The facts on which the motion is based appear to be as follows:

Judgment was rendered October 5, 1959. On October 30, 1959, the appellant, condemnor, filed and presented to the court a motion for a new trial and the court made the following entry on the motion:

"The above and foregoing motion, having been presented to me on this day, same is taken under advisement for consideration."

On November 2, 1959, counsel for appellees accepted service of the motion by signing the following statement:

"I, the undersigned attorney of record for the Defendants, hereby accept service of the copy of the foregoing motion."

Nothing further occurred until January 28, 1960, when appellees filed a motion to strike the motion for new trial. The motion to strike came on for hearing and was granted by order entered February 1, 1960, as follows:

"On Motion of defendant Motion above is stricken on ground that 'hearing' was not had in 30 or 60 days and same was not continued."

Appeal was taken February 1, 1960.

■ The time within which an appeal may be taken to the Supreme Court from the judgment of the circuit court in condemnation proceedings is thirty days. Section 23, Title 19, Code 1940. If a motion for new trial is seasonably made and jurisdiction of such motion acquired, the time for appeal dates from the judgment overruling or granting the motion for new trial. Alabama Power Company v. Henson, 237 Ala. 561, 187 So. 718.

Under § 119, Title 13, Code 1940, to sustain a judgment granting a motion for new trial after the lapse of more than 30 days from the date of the original judgment (60 days in any county in which the trial judge did not reside on the date of the trial as in the instant case), the record must show an order made within the 30 (or 60) days "continuing it. (the motion) for hearing to a future date." Otherwise the judgment for new trial is void for want of jurisdiction. Dulin v. Johnson, 216 Ala. 393, 113 So. 397; Shelley v. Clark, 267 Ala. 621, 103 So.2d 743.

It is conceded that there has never been a hearing on the motion for new trial in the instant case. The trial judge here did make an order showing that the motion had been presented to him, but the record does not disclose any order continuing the motion "for hearing to a future date."

■ The absence of such an order within 30 or 60 days as required by the statute deprived the court of jurisdiction over the motion and, consequently, filing the motion did not extend the time for taking appeal.

Because the appeal was not timely taken, the motion to dismiss is due to be and is granted.

Appeal dismissed.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.