320 So.2d 655

**The STATE of Alabama**

v.

**B. B. WILLIAMSON, Jr., et al.**

**SC 1216.**

Supreme Court of Alabama.

Oct. 2, 1975.

Thomas F. Seale, Jr., Livingston, Phelps, Owens, & Jones, Tuscaloosa, for appellees.

Charles A. Thigpen, Special Asst. Atty. Gen., Tuscaloosa, for appellant.

ALMON, Justice.

This is an appeal in a land condemnation case which originated in the Probate Court of Sumter County and was appealed to the circuit court.

Appellant, State of Alabama, filed a petition for an order of condemnation of some land belonging to appellees, B. B. Williamson, Jr., et al., on May 21, 1972. Thereafter, the petition was granted and commissioners were appointed.

On August 3, 1972, the commissioners assessed damages of $17,500.00 and on September 26, 1972, the probate court entered an order of condemnation. In October 3, 1972, appellant filed notice of appeal to the circuit court after which the probate judge ordered a copy thereof to be served upon the appellees.

The cause was called for trial on March 26, 1973, at which time appellees appeared specially. They filed a plea in abatement stating in substance that no notice of appeal was ever served upon them or their attorney as required by Tit. 19, § 17, Code of Alabama 1940, Recompiled 1958, and requesting the circuit court to abate and dismiss the appeal for lack of jurisdiction over the subject matter or the cause of action. Thereafter, on the same day it was filed, the court entered a bench note sustaining appellee's plea in abatement.

On September 21, 1973, appellant filed a motion for the court to set the case for trial. The motion was set for hearing on October 8, 1973. On that date, after a hearing *ore tenus,* the court entered an order and set forth its findings that no appeal had been filed or perfected from the order entered on March 26, 1973, and that said order was a final order dismissing the attempted appeal of appellant from the order of the probate court. The court further found that the award of the probate court was final, that the cause was dismissed and terminated on March 26, 1973, and that, since no appeal was perfected, there was no case pending to be set for trial as requested by appellant. Accordingly, the court entered an order on October 8, 1973, denying and overruling said motion.

Appellant next filed its motion for relief from judgments or orders under Rule 60, and on September 17, 1974, the circuit judge entered an order overruling and denying the motion and ordered that the probate court pay over the condemnation proceeds to the appellees.

Notice of appeal to the Court of Civil Appeals was filed November 11, 1974. On April 8, 1975, the transcript was filed with the Clerk of the Court of Civil Appeals. Subsequently, the case was transferred to this court.

■ Cases involving condemnation of land for public uses are governed by Tit. 19, §§ 1–31, Code, supra. Tit. 19, § 23, states as follows:

"After final judgment in the circuit court or court of like jurisdiction, any party may, within thirty days thereafter, upon giving bond or security for costs, as in other cases, appeal to the supreme court."

All appeals to the Supreme Court from a circuit court judgment in condemnation proceedings are governed by this statute, and not by the general six-month statute for bringing appeals. *State v. Daw,* 271 Ala. 650, 126 So.2d 493 (1961).

■ In the instant case, the proper time for an appeal would have been within thirty days from the date of the granting of appellees' plea in abatement on March 26, 1973. Since appellant did not give notice of appeal within this period, the motion to dismiss the appeal is due to be and is hereby granted.

Appeal dismissed.

All the justices concur.